William A. Bogdan (SBN 124321)
Arif Virji (SBN 130322)
Julie L. Fieber (SBN 202857)
LYNCH, GILARDI & GRUMMER
A Professional Corporation
170 Columbus Avenue, 5th Floor
San Francisco, CA 94133
Telephone:	(415) 397-2800
Facsimile:	(415) 397-0937
Email: *wbogdan@lgglaw.com*
       *avirji@lgglaw.com*
       *jfieber@lgglaw.com*

Attorneys for Defendant
SHIMMICK CONSTRUCTION COMPANY, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMO, Individually and on behalf of other members of the general public similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>SHIMMICK CONSTRUCTION COMPANY, INC., a California corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.:<br><br>**SECOND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441**(a) (**FEDERAL QUESTION**) <u>*[Formerly removed/remanded as USDC Case No. C14-0243, JCS assigned to Hon. Joseph C. Spero]*</u><br><br>(**ALAMEDA COUNTY SUPERIOR COURT, CASE NO. HG14721863**) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that SHIMMICK CONSTRUCTION COMPANY, INC. (hereinafter "Shimmick" or "Defendant"), hereby removes the above-captioned action, Case No. HG14721863 from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1446. This Court has original jurisdiction over this class action under 28 U.S.C. section 1331, based upon the existence of a federal question, and may remove this action from the Superior Court of California, County of Alameda, where it was initiated, pursuant to

Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185(a) ("LMRA"). The Complaint alleges causes of action governed exclusively by the collective bargaining agreements ("CBA") between Laborers' International Union of North America, Local No. 89 ("Local 89"), and Plaintiff's alleged employer, Shimmick Construction Company, Inc. Declaration of Valentine Macedo, Business Manager/Secretary-Treasurer for Laborers' International Union of North America Local Union 89 ("Macedo Dec.") (filed herewith), ¶ 4 and Exs. A, B and C.

This action was originally removed on grounds that Plaintiff was actually employed by Shimmick Construction Company, Inc./Obayashi Corporation JV (the "JV"), and as such his claims were preempted under the LMRA.. Remand was granted because Plaintiff insisted he was an employee of Shimmick which the court found had no ability to enforce the JV's contract governing that entity's employees.

Removal is currently based on the following evidence not previously available to Defendant:

1. The January 19, 2015 Declaration of Local 89 representative Valentine Macedo establishing that even if Plaintiff worked for Shimmick as Plaintiff alleges in the complaint, his employment would still be controlled by a CBA; and

2. The January 30, 2015 Compromise and Release of Plaintiff's Worker's Compensation Action against the JV for injuries he sustained while working for the JV from 4/12 to 4/13, despite Plaintiff's disavowal in his Motion for Remand that the JV was his employer.

Whether Plaintiff is bound by his complaint alleging Shimmick was his employer or bound by his settlement release stating the JV was his employer, Plaintiff's claims are preempted.

Defendant previously removed this action on or about May 23, 2014, based on the fact that the claims alleged were governed exclusively by the CBA between Local 89 and Plaintiff's actual employer, Shimmick Construction Company, Inc./Obayashi Corporation JV of which Shimmick is a member. Macedo Dec. Exs. A through D. The action was subsequently remanded, because under the "well-pleaded complaint" rule Plaintiff had alleged that Shimmick, rather than the JV, was his employer, and Shimmick had not shown that it could enforce the CBAs binding

Lynch, Gilardi & Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

the JV employees. Dec. of William Bogdan, ¶ 2 and Ex. I (11/14/14 Order).

Thereafter, Plaintiff entered in to a Compromise and Release of his Worker's Compensation Action 17-ARB-140001 listing as "Injured Worker" Juan Romo, and listing as "Insured Employer" Shimmick/Obayashi JV for the San Diego County Water ESP II site. Dec. of William Bogdan, ¶ 3 and Ex. J (1/30/15 Order Approving Compromise & Release, and Compromise and Release Agreement).

In addition, Shimmick recently determined that it also, like the JV, is a signatory to the CBAs. Therefore, even if Plaintiff was employed by Shimmick as alleged in the complaint, Shimmick would be able to enforce the CBA for itself even though it could not enforce the contract for the JV. As detailed in the original removal papers for the JV, and as set forth in these removal papers for Shimmick, Plaintiff's claims are covered by CBAs.

As discussed in more detail below, resolution of these state-law class-wide claims is substantially dependent upon analysis of the terms of those CBAs and will require the Court to analyze and interpret those agreements. *See* 29 U.S.C. § 185(a); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996-97 (9th Cir. 1987); *Buck v. Cemex*, 2013 U.S. Dist. Lexis 124111 at *17 (E.D. Cal. 2013). Therefore, removal is proper.

**I.     ARGUMENT**

    **A.     Jurisdiction – Section 301 of the Labor Management Relations Act**

        1.     This action is a civil putative class action of which this Court has original jurisdiction under 28 U.S.C. section 1331 based upon the existence of federal questions, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(a) because it arises under Section 301(a) of the LMRA, 29 U.S.C. section 185(a).

        2.     Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185(a). Section 301 preempts claims founded directly on rights created by collective bargaining agreement. *Paige v. Henry J. Kaiser Co.*, 926 F.2d 857, 861 (9th Cir. 1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young*, 830 F.2d at

Lynch, Gilardi & Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA 94133
Ph (415) 397-2800
Fax (415) 397-0937

997 (citations omitted).

3. As the Ninth Circuit has noted, "[a]lthough the language of § 301 [of the LMRA] is limited to 'suits for violation of contracts,' it has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim [citation omitted], or dismissed as preempted by federal labor-contract law").

4. Thus, state law causes of action whose outcome depends on analysis of the terms of a collective bargaining agreement are preempted by Section 301 of the LMRA. *Young*, 830 F.2d at 997, 999. If evaluation of a claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court. *Id.* These claims must be characterized as LMRA Section 301 claims and, as such, are removable to federal court. *Associated Builders*, 109 F.3d at 1356; *Young*, 830 F.3d at 997, 1002.

5. This is because "the policy in favor of national uniformity in labor law is so powerful that it displaces state law with respect to claims involving the interpretation or enforcement of collective bargaining agreements." *Associated Builders*, 109 F.3d at 1356. Such a policy "authorize[es] the development of federal common-law rules of decision, in large part to assure that agreements to arbitrate grievances would be enforced, regardless of the vagaries of state law and lingering hostility toward extrajudicial dispute resolution." *Id.* at 1356.

6. Many Section 301 suits do not assert breach of a collective bargaining agreement, but are still held preempted because they implicate agreement provisions. *Associated Builders*, 109 F.3d at 1357. Parties cannot avoid Section 301 preemption by artfully pleading a complaint that does not disclose that the plaintiff's employment was covered by a collective bargaining agreement. *See Young*, 830 F.3d at 997. In such cases, it is proper for the court to look beyond the face of the complaint to determine whether the state claim is preempted because its outcome depends on analysis of the collective bargaining agreement. *See, e.g., Milne Employees*

Lynch, Gilardi & Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA 94133
Ph (415) 397-2800
Fax (415) 397-0937

SECOND NOTICE OF REMOVAL OF ACTION
CASE NO.
PAGE 4

*Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991) (plaintiff cannot avoid removal by artfully pleading only state law claims that are actually preempted by federal statutes).

7. Here, Plaintiff alleges that he worked for Shimmick as a non-exempt employee on the San Vicente Dam Project. First Amended Complaint ("FAC") ¶¶ 19, 22 and Ex. B at 1-2. Plaintiff's allegations include that: Defendant failed to pay the class members all compensation due, including overtime (First Cause of Action and Ex. B to FAC at 1-2 ("Shimmick has failed to provide timely Regular and Overtime compensation"); failed to provide accurate itemized wage statements (Second); failed to properly reimburse necessary business expenditures (Third); failed to provide proper meal and rest periods (Fourth); and failed to pay all wages due and owing upon termination (Fifth). Finally, as catch-all causes of action, Plaintiff alleges violation of California Business and Professions Code section 17200 (Sixth) and entitlement under of California Labor Code section 2698 (Seventh), both based on the alleged violations of state labor statutes and regulations.

8. For all of his causes of action, Plaintiff seeks to represent a class that is ascertainable "via their experience as Defendants' current or former California-based employees, designated as 'nonexempt' by Defendants." FAC ¶ 10.

9. Pursuant to California Labor Code section 514, California overtime laws do not apply to employees covered by a collective bargaining agreement that provides an hourly rate at least 30% more than the minimum wage and "premium" wage rates for overtime work. Lab. Code § 514; 8 C.C.R. § 11040, 3(1); *see Lujan v. Southern Calif. Gas Co.*, 96 Cal. App. 4th 1200, 1204 (2002). Section 301 of the LMRA can preempt state law overtime claims. *Firestone v. Southern Calif. Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000).

10. Under the plain text of California Labor Code section 512(e), effective January 1, 2011, California's statutory meal period requirement is inapplicable to certain categories of employees, including those employed in a construction occupation, if certain requirements are met: 1) the employee is covered by a valid collective bargaining agreement; and 2) the agreement expressly provides for the wages, work hours, and work conditions of employees, expressly provides for meal periods for those employees, provides final and binding arbitration of disputes

concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate. Lab. Code § 512(e). Accordingly, as of January 1, 2011, statutory meal period requirements are no longer non-waivable statutory rights that cannot be modified by a collective bargaining agreement.

11. Because Labor Code section 512(e) went into effect January 1, 2011, at that time meal period requirements for construction workers became governed by the terms and conditions of collective bargaining agreements. Stats. 2010 ch. 662 Section 1 (Assembly Bill 569); Lab. Code § 512(e)-(g).

12. According to Union recotds, Plaintiff's employment on the San Vicente Dam Project lasted from October 2011 through April 23, 2013 (Macedo Decl. Exhibit H), Shimmick was a member of the San Diego Chapter, Inc., of the Associated General Contractors of America (AGC). Macedo Dec. ¶ 4. Shimmick, through its membership with the AGC, was and is bound to the AGC Master Labor Agreement for Engineering Construction between the Associated General Contractors of America San Diego Chapter, Inc. and Local 89 with effective dates of July 1, 2007 through June 30, 2011 (Exhibit A)(the "2011 CBA"), the Amendment to San Diego Laborers Master Labor Agreement (Engineering) Re Extension, Increases and Classifications which extended the 2007 agreement to June 30, 2012 (Exhibit B), and the AGC Master Labor Agreement for Engineering Construction between the Associated General Contractors of America San Diego Chapter, Inc. and Local 89 with effective dates of July 1, 2012 through June 30, 2016 (Exhibit C) (the "2012 CBA").

The JV was bound to a Project Labor Agreement between Parsons Constructors, Inc., its successors and assigns and The Building and Construction Trades Department, AFL-CIO, its affiliated National and International Unions, the Building and Constructions Trades Council of California, the Building and Constructions Trades Council of San Diego and affiliated Local Unions, which included Local 89 (Macedo Dec. ¶ 5 and Exhibit D). In addition, the Joint Venture through its membership with the Association of General Contractors (AGC) was and is bound to the 2011 CBA (Exhibit A), the Amendment to San Diego Laborers Master Labor Agreement

(Engineering) Re Extension, Increases and Classifications which extended the 2007 agreement to June 30, 2012 (Exhibit B), and the 2012 CBA (Exhibit C).

The 2011 CBA and 2012 CBA cover "all engineering work coming within the claimed jurisdiction of the Laborers' International Union of North America," which jurisdiction includes the San Vicente Dam Project, and they were applicable to a wide range of construction-related work. Ex. A (2011 CBA) at § 3(B) through (K); Ex. C (2012 CBA) at § 4(B) through (K). The Project Labor Agreement, the 2011 CBA and the 2012 CBA set forth specific provisions addressing:

-- the workers' regular rates of pay and calculation of overtime pay. Ex. D at 20, Ex. A at 32-38, Ex. C at 54-66.

-- the workers' hours of work, including their entitlement to take specified meal and rest periods, and when. Ex. D at 22-23, Ex. A at 25-30, Ex. C at 42-51.

-- reimbursement for work expenses, including boots, and travel expenses, travel time, subsistence allowance and/or zone rates and parking reimbursements. Ex. D at 27-28, Ex. A at 28-29, Ex. C at 48-49.

-- Payment of wages and itemization of payroll checks. Ex. A at 24-25, Ex. C at 41-42.

13. Both the 2011 and 2012 CBAs provide a detailed grievance and arbitration procedure available as the exclusive forum for resolution of disagreements or disputes. Ex. A at 21-24, Ex. C at 36-41. *See, e.g.,* Section 18(Q) ("It is understood and agreed that the procedures outlined in this Section 18 shall be the exclusive remedy for any violation of this Agreement"). That grievance period, described in Section 18 of both CBAs, establishes a Laborers' Joint Adjustment Board consisting of representatives of the contractor and union which exists to hear any grievance or dispute that cannot be resolved between an individual employee and the contractor; if the Joint Adjustment Board does not reach a decision, any dispute or grievance may be referred to arbitration. Section 18(G). Determinations of the Joint Adjustment Board or arbitrator are "final and binding upon the parties." Section 18(P). Section 18 is specifically made "the exclusive method for resolving all alleged violations of [Industrial Wage Order 16-2001]," and the time limitations in

that grievance period shall apply to all such disputes. Section 20(P).

14. From October 2011 through April 23, 2013, the JV reported to the Union Plaintiff's hours worked on the San Vicente Dam Project (Macedo Decl. Exhibit H). It was during that time that Plaintiff claimed he was injured and filed a Worker's Compensation claim. (Bogdan Decl. Exhibit J p.2) On January 30, 2015, Plaintiff settled his Worker's Compensation Action with employer Shimmick/Obayashi JV for the San Diego County Water ESP II site. Nevertheless, whether his employer was Shimmick or the JV, Plaintiff was a member of the Laborers' International Union of North America, Local No. 89. Macedo Dec. ¶¶ 3, 6-11 and Exs. E through H. Plaintiff and certain members of the putative class were subject to both the 2011 CBA and 2012 CBA during the class period, which reaches back to October 2011 through April 23, 2013.

15. At all times since January 1, 2008, the California minimum wage has been $8.00.[1] Under the 2011 CBA, laborer hourly wage rates ranged from $24.39 for Group I employees, as of July 1, 2007, to $27.97 for Group V employees, rising in each of the three subsequent years the agreement was in effect. Ex. A Section 25. The 2012 CBA set laborer hourly wage rates ranging from $27.10 to $32.93, with incremental increases in each subsequent year the agreement is in effect. Ex. C Section 25. These hourly regular rates of pay for covered employees were not less than 30 percent more than the state minimum wage rate. In addition, both the 2011 CBA and the 2012 CBA set premium wage rates for overtime. Ex. A Section 25(H); Ex. C Section 25(F).

16. Although Plaintiff dropped references to overtime pay in his FAC, he attaches as Exhibit B to the FAC a demand letter that is required for his Seventh Cause of Action for violation of Labor Code section 2698. That letter provides further explanation of his claims, and it includes the allegation that Defendant "failed to provide timely Regular and Overtime compansation," and Plaintiff and putative class members "continuously worked in excess of 8 hours a day and 40 hours a week, without being provided all Overtime compensation owing to them." Therefore, the gist of Plaintiff's First Cause of Action still concerns overtime compensation.

17. Defendant contends that the exception in Labor Code Section 514 to the application of overtime premium pay requirements is met. Defendant contends that the right to

---

[1] The history of California's minimum wage is available at http://www.dir.ca.gov/IWC/MinimumWageHistory.htm. The minimum wage rises to $9.00 an hour effective July 1, 2014.

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

overtime premium pay of Plaintiff and the purported class is as set forth in the applicable CBA. *Firestone*, 219 F.3d at 1066. Plaintiff and the putative class have no independent, statutory right to overtime under the Labor Code, but that right is governed instead by the provisions of the CBA.

18. All requirements of the exception to the application of meal period requirements provided by Labor Code section 512(e) are met for the putative class of construction employees as defined by statute. California's statutory meal period requirements do not constitute non-waivable statutory rights and thus can be modified by the applicable CBAs. *Buck v. Cemex*, 2013 U.S. Dist. Lexis 124111 at *17. Plaintiff disputes the applicabiltiy of these statutory exceptions as evidenced by the fact he filed the instant class action notwithstanding the now three years-old exemption in the Labor Code.

19. Plaintiff's allegations in this class action, and the plain terms of the statutes upon which he bases the Second, Third and Fourth Causes of Action concerning itemization of wage statements, reimbursement of expenses and meal/rest periods, respectively, are substantially dependent upon the CBAs and necessarily require analysis of their terms. *See* Labor Code § 512(e). The outcome of these causes of action, and the other causes of action by extension since they derive from these claims, requires an analysis of:

   a. The rights of Plaintiff and the putative class to additional pay for second, third and fourth (graveyard) shift work pursuant to the CBAs' pay provisions for graveyard shifts and whether Plaintiff and purported class members received additional pay in accordance with these provisions;

   b. The requirements for itemized wage statements as explicitly addressed in Section 19 of the CBAs;

   c. Whether the CBA terms govern meal periods under the exception in Labor Code section 512(e), including the right to meal period premium pay;

   d. The extent to which Defendant was required to reimburse Plaintiff and putative class members for boots, cell phone charges and mileage, pursuant to the CBAs' provisions for travel expenses, travel time, and subsistance (Article XV of the Project Labor Agreement) and the Section 20 terms for work periods and work rules provided in the CBAs;

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

    e. The proper rate of compensation for employees required to travel by Contractor-provided transportation. *See* Project Labor Agreement Article XV;

    f. Whether the parties intended the exclusive grievance and arbitration dispute resolution procedures set forth in Section 18 the 2011 CBA and 2012 CBA to apply to the claims alleged herein, and whether those dispute resolution provdedures are enforceable;

    g. Whether the statutory class-wide wage and hour claims asserted by Plaintiff are barred by any failure to exhaust contractual arbitration procedures.

  20. Thus, the resolution of Plaintiff's class-wide compensation, meal period, rest period, and derivative claims is substantially dependent on analysis of the Project Labor Agreement and incorporated CBAs and these claims are preempted by Section 301. *See, e.g., Paige v. Henry J. Kaiser Co.*, 826 F.2d at 861; *Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 768-69 (2003) (claim for unpaid wages under Labor Code § 204 preempted by Section 301); *Buck*, 2013 U.S. Dist. Lexis 124111 at *17 (motion to remand denied because of Section 301 preemption where Labor Code sections 512(e) and 514 were involved).

  21. Resolution of Plaintiff's class claims are inextricably intertwined with the interpretation of the CBAs, and so state law is "completely preempted" by federal law with respect to these claims, allowing removal pursuant to 28 U.S.C. § 1441. For example, in *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1049 (9th Cir. 1987), the plaintiff's fraud and infliction of emotional distress claims were preempted by Section 301 because their resolution depended upon interpretation of the collective bargaining agreement and alleged representations Kaiser had made concerning reinstatement, as well as disciplinary actions and warnings which were likewise covered by the collective bargaining agreement.

  22. Plaintiff omits from his Complaint the fact that wages and working conditions were governed by CBAs – a fact critical to his claims for failure to pay overtime or the full compensation due, failure to provide appropriate wage statements, and failure to provide or pay appropriate premiums related to meal and rest periods (First through Fourth Causes of Action), as well as the remaining derivative claims pled in his Fifth through Seventh Causes of Action. However, Plaintiff's failure to reference the CBAs in his pleadings is immaterial, because a court

Lynch, Gilardi & Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA 94133
Ph (415) 397-2800
Fax (415) 397-0937

1  may look beyond the face of the complaint to determine if Section 301 preemption is present.

2  *Young*, 830 F.2d at 999. All that is needed is that resolution of the claim be substantially dependent

3  upon analysis of the terms of the labor contract. *Utility Workers of America, Local No. 246 v.*

4  *Southern Calif. Edison Co.*, 852 F.2d 1083, 1086 (9th Cir. 1988). Plaintiff's failure to cite the CBAs

5  does not allow him to avoid Section 301 preemption.

6        23. Here, Plaintiff's class-wide state law compensation, wage statement, meal and

7  rest period claims are substantially dependent upon analysis of the CBAs, as they require

8  determining whether the terms of those agreements met the requirements of Labor Code sections

9  512 and 514 or whether an exemption exists. Accordingly, because these claims are inextricably

10  intertwined with the CBAs and substantially dependent upon analysis of the CBAs, this action

11  arises under Section 301 of the LMRA, 29 U.S.C. § 185(a).

12      **B.**    **Supplemental Jurisdiction**

13        24. To the extent that there are remaining claims for relief that do not arise under

14  Section 301 or that are not completely preempted by Section 301, these claims are within the

15  supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a) because they are so related to the

16  Section 301 claims that they form part of the same case or controversy under Article III of the

17  United States Constitution. In the alternative, any such claims for relief are separate and

18  independent claims which are properly removable to this Court pursuant to 28 U.S.C. § 1441(c).

19  Thus, this action is removable in its entirety.

20      **C.**    **Venue**

21        25. Venue lies in the United States District Court for the Northern District of

22  California since the state court action was filed and is pending in the Superior Court of the State of

23  California in and for the County of Alameda and the county of Defendant's principle place of

24  business is in this judicial district. 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

25      **D.**    **Intradistrict Assignment**

26        26. Assignment to the San Francisco or Oakland Division of the United States

27  District Court for the Northern District of California is proper under 28 U.S.C. sections 1331 and

28  1441(a), and Civil Local Rule 3-2(d) because the state court action was filed and is pending in the

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

County of Alameda and Defendant is headquartered in Alameda County.

### E.  State Court Action

27. On April 17, 2014, Plaintiff filed a Class Action Complaint for Damages in the Alameda County Superior Court for the State of California, titled *Juan Romo, individually and on behalf of other members of the public similarly situated, v. Shimmick Construction Company, Inc. and DOES 1-10*, Case No. HG14721863. True and correct copies of the Summons and Class Action Complaint are attached hereto as Exhibit K1 and Exhibit K2, respectively. Plaintiff's Civil Cover Sheet is attached as Exhibit K3.

28. On or about May 19, 2014, Plaintiff filed a First Amended Class Action Complaint (the "FAC").  A true and copy of the FAC is attached hereto as Exhibit K4.

29. On May 22, 2014, Defendant filed an Answer to Plaintiff's Complaint in Alameda County Superior Courty, a true and correct copy of which is attached hereto as Exhibit K5.

30. Since the "Doe" defendants have not yet been served, they need not join or consent to Defendant's removal of this action. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal).

31. Defendant's registered agent was served via substituted service with a copy of the Class Action Complaint mailed on April 24, 2014, making service effective May 5, 2014. A true and correct copy of the Proof of Service of Summons and Complaint is attached hereto as Exhibit K6.

### F.  Timely Removal

32. Defendant first removed the case on May 23, 2014, on grounds that Plaintiff's claims as an employee of the JV are preempted under 28 U.S.C. section 1331 based on the JV's agreements to be bound by the 2011 CBA and 2012 CBA.

Plaintiff moved to remand the case, arguing under the "well-pleaded complaint" rule that he had named Shimmick, not the JV as his employer, and Shimmick had not established that it could enforce the CBA as to employees of the JV. The Court remanded the case to the Alameda

Lynch, Gilardi & Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA 94133
Ph (415) 397-2800
Fax (415) 397-0937

County Superior Court on November 14, 2014. Bogdan Dec. Ex. I.

Through the declaration of Valentine Macedo signed on January 19, 2015, Shimmick has determined that it was also party to the CBAs that would have governed Plaintiff's work had Shimmick somehow employed him on the San Vicente Dam Project, and on that basis has filed this removal petition. In addition, on January 30, 2015, Plaintiff entered into a Compromise and Release of his Worker's Compensation claim.

A defendant who has not lost the right to remove because of a failure to timely file a notice of removal under 28 U.S.C. section 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation of matters outside the four corners of the complaint, that a case is removable. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F. 3d 1121, 1123 (9th Cir. 2013). Defendant's initial removal was timely, and this removal is also timely as it is based on information that Defendant discovered based on its own investigation.

### G. Notice and Service

33. Defendant will promptly serve Plaintiff with this Notice of Removal and file this Notice with the Clerk of the Alameda County Superior Court for the State of California, as required by 28 U.S.C. §1446(d).

### H. State Court Documents

34. Pursuant to 28 U.S.C. section 1446(a), Defendant attaches and incorporate by reference the following documents, which are all the process, pleadings and orders served upon Defendant and filed in the Alameda County Superior Court prior to the filing of this Notice of Removal:

Exhibit K1: Summons
Exhibit K2: Class Action Complaint
Exhibit K3: Plaintiff's Civil Case Coversheet
Exhibit K4: Proof of Service of Summons and Complaint
Exhibit K5: First Amended Class Action Complaint
Exhibit K6: Notice of Hearing
Exhibit K7: Ruling on Complex Determination Hearing
Exhibit K8: Defendant's Answer
Exhibit K9: Shimmick's Original Notice of Removal
Exhibit K10: Shimmick's Second Notice of Removal

///

Lynch, Gilardi & Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA 94133
Ph (415) 397-2800
Fax (415) 397-0937

WHEREFORE, Defendant respectfully requests that this action now proceed against it in this Court as an action properly removed.

Dated: February 12, 2015          LYNCH, GILARDI & GRUMMER, APC

By: /s/ *William A. Bogdan, Esq.*
      William A. Bogdan
      Julie L. Fieber
Attorneys for Defendant
SHIMMICK CONSTRUCTION COMPANY, INC.

260463.doc

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

SECOND NOTICE OF REMOVAL OF ACTION
CASE NO.                                                                                   PAGE 14