William A. Bogdan (SBN 124321)
Arif Virji (SBN 130322)
Julie L. Fieber (SBN 202857)
LYNCH, GILARDI & GRUMMER
A Professional Corporation
170 Columbus Avenue, 5th Floor
San Francisco, CA  94133
Telephone:     (415) 397-2800
Facsimile:      (415) 397-0937
Email: *wbogdan@lgglaw.com*
         *avirji@lgglaw.com*
         *jfieber@lgglaw.com*

Attorneys for Defendant SHIMMICK
CONSTRUCTION COMPANY, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMO, Individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHIMMICK CONSTRUCTION COMPANY, INC., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**EXHIBITS K-1 THROUGH K-8 TO THE DECLARATION OF WILLIAM A. BOGDAN IN SUPPORT OF SECOND NOTICE OF REMOVAL OF ACTION** |

Exhibit K1: Summons

Exhibit K2: Class Action Complaint

Exhibit K3: Plaintiff's Civil Case Coversheet

Exhibit K4: Proof of Service of Summons and Complaint

Exhibit K5: First Amended Class Action Complaint

Exhibit K6: Notice of Hearing

Exhibit K7: Ruling on Complex Determination Hearing

Exhibit K8: Defendant's Answer

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

EXHIBIT K- 1

 

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SHIMMICK CONSTRUCTION COMPANY, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN ROMO

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 17 2014

CLERK OF THE SUPERIOR COURT
By   DOREEN SHICK
                              Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* County of Alameda Superior Court<br>Hayward Hall of Justice: 24405 Amador Street<br>Hayward, California 94544 | **CASE NUMBER:** *(Número del Caso):* **HG14721863** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William B. Sullivan, Sullivan Law Group, APC; 2330 Third Ave.; San Diego, CA 92101; (619) 702-6760

| DATE: *(Fecha)* | APR 17 2014 | LEAH T. WILSON<br>EXECUTIVE OFFICER/CLERK *(Secretario)* | Clerk, by | DOREEN SHICK | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Shimmick Construction Company, Inc.

   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 4/23/14

*[SEAL]*

**FILE BY FAX**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

EXHIBIT K- 2

1  William B. Sullivan [CSB No. 171637]
   helen@sullivanlawgroupapc.com
2  Eric K. Yaeckel [CSB No. 274608]
   yaeckel@sullivanlawgroupllp.com
3  Clint S. Engleson [CSB No. 282153]
   cengleson@sullivanlawgroupllp.com
4
   SULLIVAN LAW GROUP, APC
5  2330 Third Avenue
   San Diego, California 92101
6  (619) 702-6760 * (619) 702-6761 FAX
7
8  Attorneys for Plaintiff JUAN ROMO, Individually and on
   behalf of other members of the general
9  public similarly situated

<table>
<tr><td></td><td>ENDORSED<br>FILED<br>ALAMEDA COUNTY</td></tr>
<tr><td></td><td>APR 1 7 2014</td></tr>
<tr><td></td><td>CLERK OF THE SUPERIOR COURT<br>By   DOREEN SHICK<br>Deputy</td></tr>
</table>

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF ALAMEDA

12
13  JUAN ROMO, Individually and on behalf
    of other members of the general public
14  similarly situated,

15              Plaintiff,

16      v.

17  SHIMMICK CONSTRUCTION
18  COMPANY, INC., a California
    Corporation; and DOES 1-10, inclusive
19
20              Defendants
21
22
23
24
25
26
27
28

CASE NO.  **RG14721863**

CLASS ACTION

COMPLAINT FOR:

1.   VIOLATION OF LABOR CODE §§
     510, 1194 and 1197;

2.   VIOLATION OF LABOR CODE §§
     226;

3.   VIOLATION OF LABOR CODE §
     2802;

4.   VIOLATION OF LABOR CODE §
     226.7 and 512;

5.   VIOLATION OF LABOR CODE §§
     201-203;

6.   VIOLATION OF BUSINESS AND
     PROFESSIONS CODE § 17200 et
     seq.

*Demand for Jury Trial*

Class Action Complaint



COMES NOW Plaintiff JUAN ROMO ("Plaintiff" or "ROMO"), individually and on behalf of all other members of the general public similarly situated, and alleges for his complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over this matter in that all parties are residents of the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. This class action is brought pursuant to section 382 of the Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. Furthermore, there is no federal question at issue as Wage and Hour protections and remedies related thereto are based solely on California Law and Statutes, including the Labor Code, Civil Code, IWC Wage Order(s), and Business and Professions Code.

2. Venue before this Court is proper in that Defendant SHIMMICK CONSTRUCTION COMPANY, INC. (Hereinafter, "SHIMMICK") has its principal place of business in the County of ALAMEDA, State of California.

3. At all relevant times herein, Plaintiff was and is an individual residing in the State of California.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant SHIMMICK was and is a California corporation doing business in (among others) the Counties of Alameda and San Diego, State of California.

5. Plaintiff is presently unaware of the true names, capacities, and liability of defendants named herein as DOES 1 through 10, inclusive. Accordingly, Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities after the same have been ascertained.

6. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her

- 1 -

Class Action Complaint

 

1   authority as such agent, servant, partner, and employee with the permission and consent of the

2   co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said

3   defendants. Wherever it is alleged herein that any act or omission was done or committed by

4   any specially named defendant or defendants, Plaintiff intends thereby to allege and does allege

5   that the same act or omission was also done and committed by each and every defendant

6   named as a DOE, both separately and in concert or conspiracy with the named defendant or

7   defendants.

8   7.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

9   including DOES 1 through 10, are and at all times herein mentioned were either individuals,

10   sole proprietorships, partnerships, registered professionals, corporations, alter egos or other

11   legal entities which were licensed to do and/or were doing business in (among others) the

12   Counties of Alameda and San Diego, in the State of California at all times relevant to the

13   subject matter of this action.

14   ## CLASS ACTION ALLEGATIONS

15   8.   As more specifically set forth below, Plaintiff brings this action on behalf of an ascertainable

16   class and a well-defined community of interest among the class members. Code Civ. Proc. §

17   382; *Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 426, 470. Throughout the operative

18   limitations period, Plaintiff and all other class members were denied the protections and

19   benefits of the Labor Code and Industrial Welfare Commission ("IWC") Wage Order(s) due

20   to Defendants' standard practices. Throughout their employment, Plaintiff and all other class

21   members were and are denied full and accurate compensation, including overtime

22   compensation, in violation of, *inter alia*, Labor Code sections 510 and 1194. Plaintiff and the

23   other class members were and are denied meal and rest periods and meal and rest period

24   payments, in violation of, *inter alia*, IWC Wage Order 16 (or any other applicable Wage Order)

25   and Labor Code sections 226.7 and 512. Defendants failed to furnish accurate itemized wage

26   statements in violation of, *inter alia*, Labor Code section 226. Defendants failed to reimburse

27   Plaintiff and other class members for necessary business expenditures in violation of, *inter*

28   *alia*, Labor Code section 2802.

-2-

Class Action Complaint



9.   Plaintiff brings this action on the grounds that he and other similarly situated current and former employees of Defendants were and are improperly denied the mandated wages and reimbursements resulting from the above-referenced violations. *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319. The class is believed to exceed One Thousand, Two Hundred (1,200) members.

10.   The approximately One Thousand, Two Hundred (1,200) member class is ascertainable via their experience as Defendants' current or former California-based employees, designated as "nonexempt" by Defendants.

11.   Class members share a community of interest and an injury-in-fact as Defendants have violated California compensation laws, depriving class members of money earned.

12.   There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a.   Whether Defendants failed to pay their employees the straight-time, overtime, and double time wages due and owing to them;

b.   Whether Defendants violated, *inter alia*, California Labor Code sections 510 and 226.7, as well as California IWC Wage Order 16 by (1) maintaining a meal period policy that does not ensure that a first meal period is provided before an employee works 5 consecutive hours of work or provide a second meal period for shifts lasting in excess of 10 hours, (2) failing to keep accurate records which show when employees' meal periods begin or end, and (3) failing to pay employees an additional hour of pay at the "regular rate of compensation" for missed or late meal periods;

c.   Whether Defendants violated, *inter alia*, California Labor Code section 226.7, as well as California IWC Wage Order 16, by possessing a deficient rest period policy and practice which provides, at most, one rest period for all shifts, regardless of length;

d.   Whether Defendants failed to reimburse their non-exempt employees for all necessary business expenditures incurred in direct consequence of the discharge of the employees' duties in violation of, *inter alia*, Labor Code section 2802;

- 3 -

Class Action Complaint



e.  Whether Defendants violated, *inter alia*, California Labor Code section 226 by failing to include accurate and complete information in employees' wage statements;

f.  Whether Defendants failed to provide all compensation upon termination of employment in violation of Labor Code sections 201-203, due, in part, to the fact that Defendants failed to provide proper compensation for all hours worked, as discussed above; and

g.  Whether Defendants' conduct constituted a violation of Business & Professions Code section 17200 *et seq.*

13.  The class on whose behalf this action is brought is so numerous that joinder of all parties individually would be impracticable. Plaintiff brings this action on behalf of approximately One Thousand, Two Hundred (1,200) nonexempt, California-based current and former employees of Defendants who share a common or general interest, and it would be impracticable for those employees to bring the action individually. Any variations in job activities between the individual class members are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff and all other class members were improperly denied the benefits and protections of the Labor Code and IWC Wage Order(s), by and through Defendants' standard and institutionalized practices.

14.  There are questions of law and fact common to the class. Plaintiff, and all class members, were injured by Defendants' violations of the enumerated Labor Code sections and IWC Wage Order(s). As these violations resulted from Defendants' standard and institutionalized practices, questions of law and fact are common to the class.

15.  Plaintiff's claims in this action are typical of the class whom Plaintiff generally represents. The claims result from Defendants' standard and institutionalized practices, experienced by Plaintiff and all other class members.

16.  Plaintiff can fairly and adequately protect the interests of all the members of the class he represents in this action. Any difference in job titles is immaterial, as Defendants used (and uses) a standard system to compensate class members. Plaintiff's experience and knowledge of Defendants' "wage and hour" practices, in addition to Plaintiff's familiarity with

- 4 -




1   Defendants' pay policies pertaining to the class members she represents, entitles her to

2   adequately and fairly represent the class.

3   17.   Common questions predominate over questions affecting individual class members. Plaintiff

4   and all other class members were improperly denied the benefits and protections of the Labor

5   Code and IWC Wage Order(s) by and through Defendants' standard and institutionalized

6   practices. Common questions of law or fact therefore "present a significant aspect of the case"

7   and are capable of resolution "in a single adjudication." *Hanlon v. Chrysler Corp.* (9th Cir.

8   1998) 150 F.3d 1011, 1022.

9                                   **FACTUAL BACKGROUND**

10   18.   Plaintiff ROMO was continuously employed by Defendants from in or about October, 2011

11   to approximately April 23, 2013. Throughout his employment with Defendants, Plaintiff

12   performed his job in a capable, competent manner and was commended for doing so.

13   19.   Throughout the term of his employment, Plaintiff and all other class members were and

14   currently are denied the benefits and protections of the Labor Code and IWC Wage Order(s),

15   due to Defendants' institutionalized pay practices, standard as to all California-based,

16   nonexempt employees.

17
                                 **FIRST CAUSE OF ACTION**
18            Violation of Labor Code §§ 510, 1194 and 1197 - Class Action
         **(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**
19
20   20.   Plaintiff hereby incorporates by reference paragraphs 1 through 19 as though fully set forth

21   herein.

22   21.   Throughout the applicable time period, Plaintiff and the other Class Members were denied the

23   benefits and protections of the California Labor Code and IWC Wage Order(s) and were

24   damaged thereby.

25   22.   Defendant failed to pay the Class Members (or a subclass) all compensation due, including

26   overtime compensation, in violation of, among other statutes, Labor Code sections 510 and

27   1197. This failure was caused by several separate uniform practices of SHIMMICK. For

28   example, SHIMMICK employed a standard practice of Mr. Romo, and certain other

                                            - 5 -

 

1    SHIMMICK employees, continuously worked in excess of 8 hours a day and 40 hours a week,

2    without being provided all Overtime compensation owing to them. Mr. Romo, working on the

3    San Vicente dam project, worked (on at least 1 occasion) 24 hours in a row, but was only paid

4    for 16 hours in that day. Additionally, Mr. Romo would regularly work 16-hour days, without

5    receiving all Overtime. The failure to pay all overtime owing was caused, at least in part, by

6    SHIMMICK supervisors concerns for scheduling, and limiting payroll.

7   23.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is

8    presently unaware of the precise amount of these expenses and fees and prays leave of court

9    to amend this Complaint when the amounts are more fully known.

10                         **SECOND CAUSE OF ACTION**
                     Violation of Labor Code § 226 - Class Action

11    **(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**

12   24.    Plaintiff hereby incorporates by reference paragraphs 1 through 23 as though fully set forth

13    herein.

14   25.    Throughout the applicable time period, Plaintiff and the other Class Members were denied the

15    benefits and protections of the California Labor Code and IWC Wage Order(s) and were

16    damaged thereby.

17   26.    Defendant failed to provide Plaintiff and all other Class Members with accurate itemized wage

18    statements in violation of, among other statutes, Labor Code section 226. For example,

19    SHIMMICK failed to provide an accurate showing of the "gross wages earned," in violation

20    of Labor Code section 226(a)(1). This violation was caused by SHIMMICK's failure to

21    accurately pay for all regular and overtime worked. SHIMMICK also failed to provide an

22    accurate showing of the "total hours worked by the employees," in violation of Labor Code

23    section 226(a)(2), for the same reasons set forth immediately above. SHIMMICK failed to

24    provide an accurate showing of the "net wages earned," in violation of Labor Code section

25    226(a)(5), for the same reasons set forth above. SHIMMICK also failed to provide an accurate

26    showing of the "inclusive dates of the period for which the employee is paid," in violation of

27    Labor Code section 226(a)(6); simply, the required information is not present. SHIMMICK

28    also failed to provide an accurate showing of the "last four digits of the employee's social

1   security number or an employee identification number," in violation of Labor Code section

2   226(a)(7). Again, this information is not present. SHIMMICK also failed to provide an

3   accurate showing of the "name and address of the legal entity that is the employer," in violation

4   of Labor Code section 226(a)(8); this information is not present. Finally, SHIMMICK failed

5   to provide an accurate showing of the "number of hours worked at each hourly rate by the

6   employee," in violation of Labor Code section 226(a)(9), because the number of hours listed,

7   due to the fact that SHIMMICK under-reported the regular and overtime hours listed. Please

8   see Exhibit A.

9   27.   As a direct result of Defendant's willful failure and refusal to comply with the California Labor

10      Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages

11      in a sum according to proof.   On behalf of the class, Plaintiff hereby seeks compensatory

12      damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

13   28.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.   Plaintiff is

14      presently unaware of the precise amount of these expenses and fees and prays for leave of court

15      to amend this Complaint when the amounts are more fully known.

16                              THIRD CAUSE OF ACTION
                      Violation of Labor Code § 2802 - Class Action
17      (Individually, and on behalf of the Class against Defendant and DOES 1 through 10)

18   29.   Plaintiff hereby incorporates by reference paragraphs 1 through 28 as though fully set forth

19      herein.

20   30.   Throughout the applicable time period, Plaintiff and the other Class Members were denied the

21      benefits and protections of the California Labor Code and IWC Wage Order(s) and were

22      damaged thereby.

23   31.   Defendants failed to reimburse its nonexempt employees for all necessary business

24      expenditures incurred in direct consequence of the discharge of their duties in violation of,

25      among other statutes, Labor Code section 2802. These expenditures are the result of, *inter alia*,

26      Defendant's standard policies which require its employees to purchase or charge for items,

27      without full reimbursement.   These purchases and charges include, but are not limited to,

28      boots, mileage and cell-phone costs.

- 7 -

Class Action Complaint



32.  As a direct result of Defendants' willful failure and refusal to comply with the California Labor Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages in a sum according to proof.  On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

33.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

## FOURTH CAUSE OF ACTION
### Violation of Labor Code §§ 226.7 and 512 - Class Action
(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)

34.  Plaintiff hereby incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35.  Under applicable California law, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes [...] An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes" Lab. Code § 512(a); see also 8 Cal. Code Regs. § 11160 (11)(A).  Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. 8 Cal. Code Regs. § 11010 (11).

36.  California law requires employers to provide nonexempt employees with a 10-minute rest break for every four hours worked, or "major fraction thereof." 8 Cal. Code Regs. § 11010 (12).

37.  An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period was not provided. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11160 (11), (12).

38.  Within the operative time period, Defendants failed to possess compliant meal and rest period policies.  This failure resulted in rest period violations, in that Plaintiff and all other class

- 8 -

1      members were not provided with a rest period for every four hours worked, or "major fraction

2      thereof." This failure also resulted in meal period violations, in that Plaintiff and all other class

3      members were not provided with an initial meal period no later than the start of their sixth hour

4      of work or a second meal period no later than the start of an their eleventh hour of work in a

5      day. In fact, Plaintiff was affirmatively denied Meal and Rest Periods by SHIMMICK

6      supervisors, who refused to allow the employees to take them.

7    39.    These institutional and established practices of Defendant are illegal, in that Plaintiff and all

8      other class members were denied proper meal and rest periods.

9    40.    Defendant willfully failed and refused to pay Plaintiff and all other class members one

10     additional hour of pay at their regular rate of pay for all workdays that a meal or rest period was

11     not provided, as required by Labor Code section 226.7 and IWC Wage Order 1 (11), (12).

12    41.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

13     presently unaware of the precise amount of these expenses and fees and prays leave of court

14     to amend this Complaint when the amounts are more fully known.

15                  **FIFTH CAUSE OF ACTION**
             **Violation of Labor Code section 201-203 - Class Action**

16    **(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**

17    42.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 as though fully set forth

18     herein.

19    43.    Throughout the applicable time period, Plaintiff and the other Class Members were denied the

20     benefits and protections of the California Labor Code and IWC Wage Order(s) and were

21     damaged thereby.

22    44.    As set forth above, Defendants failed (and continue to fail) to provide all wages due and owing

23     to Plaintiff and all other class members throughout the course of their employment. As a direct

24     result of this failure, Plaintiff and all other class members who were discharged or quit were

25     denied all wages due and owing when they received their final paychecks. These final

26     paychecks failed to take into account all outstanding wages due as a result of Defendants'

27     standard and institutionalized payroll practices.

28    45.    Labor Code section 203 provides for waiting time penalties for failing to pay wages earned and



1  unpaid at the time of discharge, in violation of Labor Code section 201. Accordingly, Plaintiff

2  and all other class members seek these penalties as relief for Defendants' violations.

3  46.  As a direct result of Defendants' willful failure and refusal to comply with the California Labor

4  Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages

5  in a sum according to proof. On behalf of the class, Plaintiff hereby seeks compensatory

6  damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

7  47.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

8  presently unaware of the precise amount of these expenses and fees and prays for leave of court

9  to amend this Complaint when the amounts are more fully known.

10

11  ## SIXTH CAUSE OF ACTION
Violation of Business and Professions Code § 17200 - Class Action
(Individually, and on behalf of the Class against Defendants and DOES 1 through 10)

12

13  48.  Plaintiff hereby incorporates by reference paragraphs 1 through 47 as though fully set forth

14  herein.

15  49.  Plaintiff is a direct victim of Defendants' illegal and/or unfair business acts and practices

16  referenced in this complaint, has lost money as a result of such practices, and brings this action

17  both in her individual capacity and on behalf of Defendants' current and former California-

18  based, nonexempt employees who share a common or general interest in the damages as a

19  result of the illegal and/or unfair practices.

20  50.  The approximately One Thousand Two Hundred (1,200) member class is ascertainable via

21  their experience as Defendants' current or former California-based, nonexempt employees.

22  Class members share a community of interest and an injury-in-fact as Defendant has violated

23  California compensation laws, thereby depriving class members of money earned. Based on

24  the facts set forth above, it would be impracticable to proceed in individual actions.

25  51.  Plaintiff suffered an injury-in-fact pursuant to Business & Professions Code section 17204, and

26  lost money as a result of Defendants' illegal and/or unfair practices.

27  52.  Plaintiff brings this action on behalf of an ascertainable class who share a community of

28  interest pursuant to Business & Professions Code section 17203 and Code of Civil Procedure

- 10 -

1    section 382 and who share a common or general interest in the damages as a result of the

2    illegal and/or unfair practices, in that those individuals on whose behalf the action is brought

3    have also lost money as a result of Defendants' practices, as set forth above, and that it would

4    be impracticable to proceed as an individual plaintiff action.

5  53.  As set forth above, during the course of Plaintiff's employment, Defendants failed and refused

6    to properly pay Plaintiff and all other class members. Defendant also failed to comply with

7    fundamentally protective California laws including, but not limited to, Labor Code sections

8    201-203, 226, 226.7, 510, 512, 1194, and 2802, as well as IWC Wage Order 16, codified as

9    Title 8, California Code of Regulations, section 11160 *et seq.*

10  54.  Business & Professions Code section 17200 *et seq.* prohibits any unlawful, unfair, or

11    fraudulent business act or practice.

12  55.  Plaintiff's allegations herein are based upon Defendants' institutional business acts and

13    practices.

14  56.  Defendants' acts and practices, as described herein above, are unlawful and unfair, in that they

15    violate the Labor Code and IWC Wage Order(s).

16  57.  As a direct result of Defendants' unlawful and unfair business acts and practices, Plaintiff and

17    all other class members have been denied wages earned, and have therefore been damaged in

18    an amount to be proven.  Accordingly, Plaintiff prays for restitution and injunctive damages

19    in an amount to be proven.

20  58.  Plaintiff is informed and believes, and on that basis alleges, that Defendants' unlawful and

21    unfair business practices, alleged above, are continuing in nature and are widespread.

22  59.  On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against

23    Defendant to enjoin it from continuing to engage in the illegal conduct alleged herein.

24  60.  On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

25  61.  Plaintiff has incurred and continue to incur legal expenses and attorneys' fees.  Plaintiff is

26    presently unaware of the precise amount of these expenses and fees, and prays for leave of

27    court to amend this complaint when the amounts are more fully known.

28  ////

- 11 -

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on behalf of all members of the class, pray for judgment as follows:

1.   For an order certifying the proposed class(es);

2.   For compensatory damages according to proof, as set forth under Labor Code sections 510, 1194, and 2802, among other statutes;

3.   For penalties and restitution of wages according to proof, as set forth under Labor Code sections 226, 226.7, and 1197.1, among other statutes;

4.   For penalties pursuant to Title 8, California Code of Regulations, Wage Order 16 (or any applicable Wage Order);

5.   For lost back pay in an amount to be proven;

6.   On behalf of the ascertainable Class, for a permanent injunction against Defendant restraining, preventing, and enjoining Defendant from engaging in the illegal practices alleged, and to ensure compliance with, among other employee protections,  Labor Code sections 201-203, 226, 226.7, 510, 512, 1197, and 2802;

7.   On behalf of the ascertainable Class, for restitution damages on behalf of the section 17200 claimants who share a common or general interest;

8.   Where available, for liquidated damages pursuant to Labor Code section 1194.2;

9.   For an award of interest, including prejudgment interest, pursuant to Labor Code section 218.6;

10.   For an award of attorneys' fees and costs of suit herein pursuant to Labor Code sections 218.5, 226, 1194, 2802, 2699 and Code of Civil Procedure section 1021.5;

11.   For an award of statutory civil penalties and any unpaid, or underpaid wages, pursuant to Labor Code section 558(a); and

12.   For such other relief as the Court deems just and proper.

////

- 12 -

1

## DEMAND FOR JURY TRIAL

2       Plaintiff hereby requests that this matter be heard and decided by trial by jury.

3

4   Dated: April 16, 2014                          SULLIVAN LAW GROUP, APC

5

6                                                  William B. Sullivan
                                                   Eric K. Yaeckel
7                                                  Clint S. Engleson
                                                   Attorneys   for   Plaintiff   JUAN   ROMO,
8                                                  Individually and on behalf of other members of
                                                   the general public similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

Class Action Complaint

# EXHIBIT A



30108  Juan F. Romo    Apt. D-9
916 Beyer Way
San Diego, CA  92154

**EARNINGS**

| | | | |
|---|---|---|---|
| Regular | 27.10000 | 24.00 | 650.40 |
| Overtime | 40.65000 | 7.00 | 284.55 |
| Vacation | 4.05000 | | 125.55 |

| | | | |
|---|---|---|---|
| | 17,073.00 | | |
| | 3,798.82 | | |
| | 2,824.12 | | |

Check Number:   16280
Check Date:   4/25/13
Period Ending:   4/27/13
Pay Frequency:   Weekly

Social Security Number:
Fed Filling Status/Deductions: M    0

**DEDUCTIONS**

| | | |
|---|---|---|
| Federal Withholding | 117.97 | 2,532.02 |
| FICA - Social Security | 83.75 | 1,471.69 |
| FICA - Medicare | 16.38 | 344.19 |
| State Withholding | 25.30 | 784.82 |
| CA SDI | 10.81 | 237.39 |
| Vacation | 125.55 | 2,824.11 |

Important Message:  8201 Edgewater Dr. Ste 102 Oakland, Ca. 94621

**THIS PAY PERIOD**

| | | | |
|---|---|---|---|
| 4/27/13 | 1,080.50 | 350.66 | 693.54 |

**YEAR-TO-DATE**

| | |
|---|---|
| 23,738.94 | 8,694.22 | 15,042.72 |

EXHIBIT K-3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William B. Sullivan [CSB No. 171637]; Eric K. Yaeckel [CSB No. 274608]<br>Sullivan Law Group, APC<br>2330 Third Ave.<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 702-6760    FAX NO.: (619) 702-6760 | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>APR 17 2014<br><br>CLERK OF THE SUPERIOR COURT<br>By DOREEN SHICK<br>Deputy |
| ATTORNEY FOR (Name): Plaintiff Juan Romo |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda |
| STREET ADDRESS: 24405 Amador Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Hayward 94544 |
| BRANCH NAME: Hayward Hall of Justice |
| CASE NAME: |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: HG14721863 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000). | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less). | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): (6) Violations of California Labor Code and Business and Professions Code
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 16, 2014
Eric K. Yaeckel

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

*FILE BY FAX*

 

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)  [X] Hayward Hall of Justice (447)  [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| | | | | |
| --- | --- | --- | --- | --- |
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 83 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 85 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

FILED BY FAX

EXHIBIT K-4

ERIC K. YAECKEL, (SBN 274608)
SULLIVAN LAW GROUP, LLP   (23124)
2330 THIRD AVENUE
SAN DIEGO CA 92101
619-702-6760
Attorney for : JUAN ROMO, ETC.

Ref. No.   : 0705543-01
Atty. File No.: 6468

# FILED BY FAX

ALAMEDA COUNTY

May 08, 2014

CLERK OF
THE SUPERIOR COURT
By Denise Dalton, Deputy

SUPERIOR COURT OF CA., COUNTY OF ALAMEDA
HAYWARD HALL OF JUSTICE JUDICIAL DISTRICT

CASE NUMBER:

PLAINTIFF    : JUAN ROMO, ETC.
DEFENDANT   : SHIMMICK CONSTRUCTION COMPANY, ETC.

Case No.: HG1472186**3** HG14721863

**PROOF OF SERVICE OF SUMMONS**

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER
           SHEET ADDENDUM AND STATEMENT OF LOCATION

3.   a. Party served   :   SHIMMICK CONSTRUCTION COMPANY, INC., A CALIFORNIA CORPORATION
                              AUTHORIZED AGENT FOR SERVICE: SCOTT FAIRGRIEVE
      b. Person served   :   NATALIE SWINDERMAN, RECEPTIONIST
                              (CAUC/F/25YO/5FT7IN/125LBS/BROWN/BROWN)

4.   Address where the party was served 8201 EDGEWATER DRIVE    SUITE 202
                                    OAKLAND, CA 94621    (Business)

5.   I served the party
      b. **by substituted service.** On April 23, 2014 at 03:56 PM I left the documents listed in item 2
      with or in the presence of   NATALIE SWINDERMAN, RECEPTIONIST,
                                CAUC/F/25YO/5FT7IN/125LBS/BROWN/BROWN
        (1) **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
        (4) a **declaration of mailing** is attached.
        (5) I attach a **declaration of diligence** stating actions taken first to attempt personal service.

6.   The "Notice to the person served" (on the summons) was completed as follows:
      c. on behalf of:   SHIMMICK CONSTRUCTION COMPANY, INC., A CALIFORNIA CORPORATION
                        AUTHORIZED AGENT FOR SERVICE: SCOTT FAIRGRIEVE
      under [xx] CCP 416.10   (corporation)

7.   **Person who served papers**
      a. LEN WARREN
      b. KNOX ATTORNEY SERVICE
         2250 FOURTH AVENUE
         SAN DIEGO, CA 92101
      c. 619-233-9700

      d. Fee for service: $98.50
      e. I am:
         (3) a registered California process server
            (i) an independent contractor
            (ii) Registration No.: 1035
            (iii) County: ALAMEDA, CA

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 25, 2014

Signature: _____
                        LEN WARREN

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**

ERIC K. YAECKEL, (SBN 274608)
SULLIVAN LAW GROUP, LLP   (23124)
2330 THIRD AVENUE
SAN DIEGO CA 92101
619-702-6760
Attorney for : JUAN ROMO, ETC.

Ref. No.   : 0705543-01
Atty. File No.: 6468

SUPERIOR COURT OF CA., COUNTY OF ALAMEDA
HAYWARD HALL OF JUSTICE JUDICIAL DISTRICT

PLAINTIFF    : JUAN ROMO, ETC.
DEFENDANT   : SHIMMICK CONSTRUCTION COMPANY, ETC.

Case No.: HG14721863
**DECLARATION REGARDING DILIGENCE**

I received the within process on 04/18/14:

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER
SHEET ADDENDUM AND STATEMENT OF LOCATION

After due and diligent effort I have been unable to effect personal service
on the within named party at the following address(es):

Party served    SHIMMICK CONSTRUCTION COMPANY, INC., A CALIFORNIA CORPORATION
AUTHORIZED AGENT FOR SERVICE: SCOTT FAIRGRIEVE

Business  :   8201 EDGEWATER DRIVE SUITE 202, OAKLAND CA 94621

Attempts to effect service are as follows:

04/23/14 03:56P  Attempted service-effected substitute service

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 25, 2014

Signature: _____
LEN WARREN

Jud. Coun. form, rule 2.150 CRC

**DECLARATION RE DILIGENCE**

ERIC K. YAECKEL, (SBN 274608)
SULLIVAN LAW GROUP, LLP     (23124)
2330 THIRD AVENUE
SAN DIEGO  CA  92101
619-702-6760                      Ref. No.       : 0705543-01
Attorney for : PLAINTIFF          Atty. File No.  : 6468

SUPERIOR COURT OF CA., COUNTY OF ALAMEDA
HAYWARD HALL OF JUSTICE  JUDICIAL DISTRICT

PLAINTIFF        : JUAN ROMO, ETC.                              Case No.: HG14721863
DEFENDANT        : SHIMMICK CONSTRUCTION COMPANY, ETC.          **DECLARATION OF MAILING**

RE:   SHIMMICK CONSTRUCTION COMPANY, INC., A CALIFORNIA CORPORATION
      AUTHORIZED AGENT FOR SERVICE: SCOTT FAIRGRIEVE

I am a citizen of the United States and am employed in the County of San Diego, State of California. I am
over 18 years of age and not a party to this action. My business address is
**2250 FOURTH AVENUE, SAN DIEGO, CA 92101**

On April 24, 2014 I mailed the within documents:

            SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER
            SHEET ADDENDUM AND STATEMENT OF LOCATION

On the party in said action, by mailing a true copy thereof (by First-class mail, postage prepaid), enclosed
in a sealed envelope at the mail collection site at my place of employment, addressed to the following:

            SHIMMICK CONSTRUCTION COMPANY, INC., A CALIFORNIA CORPORATION
            AUTHORIZED AGENT FOR SERVICE: SCOTT FAIRGRIEVE
            8201 EDGEWATER DRIVE SUITE 202
            OAKLAND, CA  94621

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____4/24/14_____ at SAN DIEGO, California.

                                    Signature: _____
                                                        ANDREA L. TYO

**DECLARATION OF MAILING**

1  *Romo v. Shimmick Construction Company Inc.*
   Superior Court of California, County of Alameda
2  Case no. HG14721863

3                    DECLARATION OF SERVICE

4  I, Claudia Maldonado, declare:

5  I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not
   a party to this action. I am employed in the office of a member of the bar of this court at whose
6  direction the service was made. My business address is 2330 Third Avenue, San Diego, California
   92101.
7
   On May 8, 2014, I served the following document(s):
8

9  **1.      PLAINTIFF JUAN ROMO's PROOF OF SERVICE OF SUMMONS AND
           COMPLAINT**
10
   **2.      NOTICE OF HEARING**
11
   on the parties in this action addressed as follows:
12
   SCOTT FAIRGRIEVE
13 8201 EDGEWATER DRIVE, SUITE 202
   OAKLAND CA 94621
14
   *Agent for Service of Process for Shimmick Construction Company Inc.*
15
   **BY U.S. MAIL:** I placed a true and correct copy of the above document(s) in a sealed envelope,
16 addressed as indicated above. I am readily familiar with the firm's practice and collection and
   processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day
17 in the ordinary course of business. I am aware that on motion of party serviced, service is presumed
   invalid if postal cancellation date or postage meter date is more than one day after date of deposit for
18 mailing in affidavit.

19 I declare under penalty of perjury under the laws of the State of California that the foregoing is true
   and correct and that this declaration was executed on May 8, 2014 at San Diego, California.
20

21

22                                         Claudia Maldonado

23

24

25

26

27

28

                                 - 1 -

EXHIBIT K-5

1  William B. Sullivan [CSB No. 171637]
   helen@sullivanlawgroupapc.com
2  Eric K. Yaeckel [CSB No. 274608]
   yaeckel@sullivanlawgroupllp.com
3  Clint S. Engleson [CSB No. 282153]
   cengleson@sullivanlawgroupllp.com
4
   **SULLIVAN LAW GROUP, APC**
5  2330 Third Avenue
   San Diego, California 92101
6  (619) 702-6760 * (619) 702-6761 FAX
7
   Attorneys for Plaintiff JUAN ROMO, Individually and on
8  behalf of other members of the general
   public similarly situated
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                         **COUNTY OF ALAMEDA**

12
   JUAN ROMO, Individually and on behalf          CASE NO. HG14721863
13 of other members of the general public
   similarly situated,                            CLASS ACTION
14
                                                  **FIRST AMENDED COMPLAINT FOR:**
15           Plaintiff,
                                                  1.   **VIOLATION OF LABOR CODE §§**
16      v.                                             **1194 and 1197;**
                                                  2.   **VIOLATION OF LABOR CODE §§**
17 SHIMMICK CONSTRUCTION                               **226;**
   COMPANY, INC., a California                    3.   **VIOLATION OF LABOR CODE §**
18 Corporation; and DOES 1-10, inclusive              **2802;**
                                                  4.   **VIOLATION OF LABOR CODE §**
19                                                     **226.7 and 512;**
                                                  5.   **VIOLATION OF LABOR CODE §§**
20           Defendants                                **201-203;**
                                                  6.   **VIOLATION OF BUSINESS AND**
21                                                     **PROFESSIONS CODE § 17200 et**
                                                       **seq.**
22                                                7.   **VIOLATION OF LABOR CODE §**
23                                                     **2698 et seq.**
24
                                                  *Demand for Jury Trial*
25
26
27
28

                                      -1-

                        First Amended Class Action Complaint

COMES NOW Plaintiff JUAN ROMO ("Plaintiff" or "ROMO"), individually and on behalf of all other members of the general public similarly situated, and alleges for his complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over this matter in that all parties are residents of the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. This class action is brought pursuant to section 382 of the Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. Furthermore, there is no federal question at issue as Wage and Hour protections and remedies related thereto are based solely on California Law and Statutes, including the Labor Code, Civil Code, IWC Wage Order(s), and Business and Professions Code.

2. Venue before this Court is proper in that Defendant SHIMMICK CONSTRUCTION COMPANY, INC. (Hereinafter, "SHIMMICK") has its principal place of business in the County of ALAMEDA, State of California.

3. At all relevant times herein, Plaintiff was and is an individual residing in the State of California.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant SHIMMICK was and is a California corporation doing business in (among others) the Counties of Alameda and San Diego, in the State of California.

5. Plaintiff is presently unaware of the true names, capacities, and liability of defendants named herein as DOES 1 through 10, inclusive. Accordingly, Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities after the same have been ascertained.

6. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her

- 1 -

1  authority as such agent, servant, partner, and employee with the permission and consent of the

2  co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said

3  defendants. Wherever it is alleged herein that any act or omission was done or committed by

4  any specially named defendant or defendants, Plaintiff intends thereby to allege and does allege

5  that the same act or omission was also done and committed by each and every defendant

6  named as a DOE, both separately and in concert or conspiracy with the named defendant or

7  defendants.

8  7.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

9  including DOES 1 through 10, are and at all times herein mentioned were either individuals,

10  sole proprietorships, partnerships, registered professionals, corporations, alter egos or other

11  legal entities which were licensed to do and/or were doing business in (among others) the

12  Counties of Alameda and San Diego, in the State of California at all times relevant to the

13  subject matter of this action.

14  **CLASS ACTION ALLEGATIONS**

15  8.    As more specifically set forth below, Plaintiff brings this action on behalf of an ascertainable

16  class and a well-defined community of interest among the class members. Code Civ. Proc. §

17  382; *Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 426, 470. Throughout the operative

18  limitations period, Plaintiff and all other class members were denied the protections and

19  benefits of the Labor Code and Industrial Welfare Commission ("IWC") Wage Order(s) due

20  to Defendants' standard practices. Throughout their employment, Plaintiff and all other class

21  members were and are denied full and accurate compensation in violation of, *inter alia*, Labor

22  Code section 1194. Plaintiff and the other class members were and are denied meal and rest

23  periods and meal and rest period payments, in violation of, *inter alia*, IWC Wage Order 16 (or

24  any other applicable Wage Order) and Labor Code sections 226.7 and 512. Defendants failed

25  to furnish <u>accurate</u> itemized wage statements in violation of, *inter alia*, Labor Code section

26  226. Defendants failed to reimburse Plaintiff and other class members for necessary business

27  expenditures in violation of, *inter alia*, Labor Code section 2802.

28  ///

- 2 -

9.    Plaintiff brings this action on the grounds that he and other similarly situated current and former employees of Defendants were and are improperly denied the mandated wages and reimbursements resulting from the above-referenced violations. *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319.  The class is believed to exceed One Thousand, Two Hundred (1,200) members.

10.    The approximately One Thousand, Two Hundred (1,200)  member class is ascertainable via their experience as Defendants' current or former California-based employees, designated as "nonexempt" by Defendants.

11.    Class members share a community of interest and an injury-in-fact as Defendants have violated California compensation laws, depriving class members of money earned.

12.    There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a.    Whether Defendants failed to pay their employees for hours worked and all corresponding wages due and owing to them, in violation of, *inter alia*, California Labor Code section 1194;

   b.    Whether Defendants violated, *inter alia*, California Labor Code sections 512 and 226.7, as well as California IWC Wage Order 16 by (1) maintaining a meal period policy that does not ensure that a first meal period is provided before an employee works 5 consecutive hours of work or provide a second meal period for shifts lasting in excess of 10 hours, (2) failing to keep accurate records which show when employees' meal periods begin or end, and (3) failing to pay employees an additional hour of pay at the "regular rate of compensation" for missed or late meal periods;

   c.    Whether Defendants violated, *inter alia*, California Labor Code section 226.7, as well as California IWC Wage Order 16, by possessing a deficient rest period policy and practice which provides, at most, one rest period for all shifts, regardless of length;

   d.    Whether Defendants failed to reimburse their non-exempt employees for all necessary business expenditures incurred in direct consequence of the discharge of the

- 3 -

First Amended Class Action Complaint

employees' duties in violation of, *inter alia*, Labor Code section 2802;

e.  Whether Defendants violated, *inter alia*, California Labor Code section 226 by failing to include accurate and complete information in employees' wage statements;

f.  Whether Defendants failed to provide all compensation upon termination of employment in violation of Labor Code sections 201-203, due, in part, to the fact that Defendants failed to provide proper compensation for all hours worked, as discussed above; and

g.  Whether Defendants' conduct constituted a violation of Business & Professions Code section 17200 *et seq*.

13.  The class on whose behalf this action is brought is so numerous that joinder of all parties individually would be impracticable. Plaintiff brings this action on behalf of approximately One Thousand, Two Hundred (1,200) nonexempt, California-based current and former employees of Defendants who share a common or general interest, and it would be impracticable for those employees to bring the action individually. Any variations in job activities between the individual class members are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff and all other class members were improperly denied the benefits and protections of the Labor Code and IWC Wage Order(s), by and through Defendants' standard and institutionalized practices.

14.  There are questions of law and fact common to the class. Plaintiff, and all class members, were injured by Defendants' violations of the enumerated Labor Code sections and IWC Wage Order(s). As these violations resulted from Defendants' standard and institutionalized practices, questions of law and fact are common to the class.

15.  Plaintiff's claims in this action are typical of the class whom Plaintiff generally represents. The claims result from Defendants' standard and institutionalized practices, experienced by Plaintiff and all other class members.

16.  Plaintiff can fairly and adequately protect the interests of all the members of the class he represents in this action. Any difference in job titles is immaterial, as Defendants used (and continues to use) a standard system to compensate class members. Plaintiff's experience and

- 4 -

1  knowledge of Defendants' "wage and hour" practices, in addition to Plaintiff's familiarity with

2  Defendants' pay policies pertaining to the class members she represents, entitles him to

3  adequately and fairly represent the class.

17.  Common questions predominate over questions affecting individual class members. Plaintiff

and all other class members were improperly denied the benefits and protections of the Labor

Code and IWC Wage Order(s) by and through Defendants' standard and institutionalized

practices. Common questions of law or fact therefore "present a significant aspect of the case"

and are capable of resolution "in a single adjudication." *Hanlon v. Chrysler Corp.* (9th Cir.

1998) 150 F.3d 1011, 1022.

## FACTUAL BACKGROUND

18.  Plaintiff ROMO was continuously employed by Defendants from in or about October, 2011

to approximately April 23, 2013. Throughout his employment with Defendants, Plaintiff

performed his job in a capable, competent manner and was commended for doing so.

19.  Throughout the term of his employment, Plaintiff and all other class members were and

currently are denied the benefits and protections of the Labor Code and IWC Wage Order(s),

due to Defendants' institutionalized pay practices, standard as to all California-based,

nonexempt employees.

## FIRST CAUSE OF ACTION
### Violation of Labor Code §§ 1194 and 1197 - Class Action
**(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**

20.  Plaintiff hereby incorporates by reference paragraphs 1 through 19 as though fully set forth

herein.

21.  Throughout the applicable time period, Plaintiff and the other Class Members were denied the

benefits and protections of the California Labor Code and IWC Wage Order(s) and were

damaged thereby.

22.  Defendant failed to pay the Class Members (or a subclass) all compensation due in violation

of, among other statutes, Labor Code sections 1194 and 1197. This failure was caused by

several separate uniform practices of SHIMMICK. For example, SHIMMICK employed a

1   standard practice where ROMO, and certain other SHIMMICK employees, continuously

2   worked in excess of 8 hours a day and 40 hours a week, without being provided compensation

3   for all hours worked by them. As an example, ROMO, working on the San Vicente dam

4   project, worked (on at least 1 occasion) 24 hours in a row, but was only paid for 16 hours in

5   that day. Additionally, ROMO would regularly work 16-hour days, without receiving

6   compensation for all hours worked. The failure to pay all wages owing was caused, at least in

7   part, by SHIMMICK supervisors concerns for scheduling, and limiting payroll.

8   23.   This practice causes minimum wage violations as "California's labor statutes reflect a strong

9   public policy in favor of full payment of wages for all hours worked" and "[t]he minimum

10   wage standard *applies to each hour worked* by [employees] *for which they were not paid*."

11   See *Armenta v. Osmose, Inc.*, (2005) 135 Cal.App.4th 314, 324 (emphasis added).

12   24.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

13   presently unaware of the precise amount of these expenses and fees and prays leave of court

14   to amend this Complaint when the amounts are more fully known.

<div align="center">

**SECOND CAUSE OF ACTION**
**Violation of Labor Code § 226 - Class Action**
**(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**

</div>

17   25.   Plaintiff hereby incorporates by reference paragraphs 1 through 24 as though fully set forth

18   herein.

19   26.   Throughout the applicable time period, Plaintiff and the other Class Members were denied the

20   benefits and protections of the California Labor Code and IWC Wage Order(s) and were

21   damaged thereby.

22   27.   Defendant failed to provide Plaintiff and all other Class Members with accurate itemized wage

23   statements in violation of, among other statutes, Labor Code section 226. For example,

24   SHIMMICK failed to provide an <u>accurate</u> showing of the "gross wages earned," in violation

25   of Labor Code section 226(a)(1). This violation was caused by SHIMMICK's failure to

26   accurately pay for all actual time worked. SHIMMICK also failed to provide an <u>accurate</u>

27   showing of the "total hours worked by the employees," in violation of Labor Code section

28   226(a)(2), for the same reasons set forth immediately above. SHIMMICK failed to provide an

<div align="center">

- 6 -

First Amended Class Action Complaint

</div>

accurate showing of the "net wages earned," in violation of Labor Code section 226(a)(5), for the same reasons set forth above. SHIMMICK also failed to provide an accurate showing of the "inclusive dates of the period for which the employee is paid," in violation of Labor Code section 226(a)(6); simply, the required information is not present. SHIMMICK also failed to provide an accurate showing of the "last four digits of the employee's social security number or an employee identification number," in violation of Labor Code section 226(a)(7). Again, this information is not present. SHIMMICK also failed to provide an accurate showing of the "name and address of the legal entity that is the employer," in violation of Labor Code section 226(a)(8); this information is not present. Finally, SHIMMICK failed to provide an accurate showing of the "number of hours worked at each hourly rate by the employee," in violation of Labor Code section 226(a)(9), because the number of hours listed, due to the fact that SHIMMICK under-reported the regular and overtime hours listed. Please see **Exhibit A**.

28. As a direct result of Defendant's willful failure and refusal to comply with the California Labor Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages in a sum according to proof.  On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

29. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION
#### Violation of Labor Code § 2802 - Class Action
**(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. Throughout the applicable time period, Plaintiff and the other Class Members were denied the benefits and protections of the California Labor Code and IWC Wage Order(s) and were damaged thereby.

32. Defendants failed to reimburse its nonexempt employees for all necessary business expenditures incurred in direct consequence of the discharge of their duties in violation of,

- 7 -

among other statutes, Labor Code section 2802. These expenditures are the result of, *inter alia*, Defendant's standard policies which require its employees to purchase or charge for items, without full reimbursement.  These purchases and charges include, but are not limited to, boots, mileage and cell-phone costs.

33.   As a direct result of Defendants' willful failure and refusal to comply with the California Labor Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages in a sum according to proof.  On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

34.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

### FOURTH CAUSE OF ACTION
**Violation of Labor Code §§ 226.7 and 512 - Class Action**
**(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**

35.   Plaintiff hereby incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36.   Under applicable California law, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes [...] An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes" Lab. Code § 512(a); see also 8 Cal. Code Regs. § 11160 (11)(A).  Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. 8 Cal. Code Regs. § 11160 (11).

37.   California law requires employers to provide nonexempt employees with a 10-minute rest break for every four hours worked, or "major fraction thereof." 8 Cal. Code Regs. § 11160 (12).

38.   An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for

- 8 -

each workday that the meal or rest period was not provided. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11160 (11), (12).

39. Within the operative time period, Defendants failed to possess compliant meal and rest period policies. This failure resulted in rest period violations, in that Plaintiff and all other class members were not provided with a rest period for every four hours worked, or "major fraction thereof." This failure also resulted in meal period violations, in that Plaintiff and all other class members were not provided with an initial meal period no later than the start of their sixth hour of work or a second meal period no later than the start of an their eleventh hour of work in a day. In fact, Plaintiff was affirmatively denied Meal and Rest Periods by SHIMMICK supervisors, who refused to allow the employees to take them.

40. These institutional and established practices of Defendant are illegal, in that Plaintiff and all other class members were denied proper meal and rest periods.

41. Defendant willfully failed and refused to pay Plaintiff and all other class members one additional hour of pay at their regular rate of pay for all workdays that a meal or rest period was not provided, as required by Labor Code section 226.7 and IWC Wage Order 16 (11), (12).

42. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## FIFTH CAUSE OF ACTION
### Violation of Labor Code section 201-203 - Class Action
**(Individually, and on behalf of the Class against Defendant and DOES 1 through 10)**

43. Plaintiff hereby incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

44. Throughout the applicable time period, Plaintiff and the other Class Members were denied the benefits and protections of the California Labor Code and IWC Wage Order(s) and were damaged thereby.

45. As set forth above, Defendants failed (and continues to fail) to provide all wages due and owing to Plaintiff and all other class members throughout the course of their employment. As a direct result of this failure, Plaintiff and all other class members who were discharged or quit

- 9 -

1   were denied all wages due and owing when they received their final paychecks.  These final

2   paychecks failed to take into account all outstanding wages due as a result of Defendants'

3   standard and institutionalized payroll practices.

4   46.   Labor Code section 203 provides for waiting time penalties for failing to pay wages earned and

5         unpaid at the time of discharge, in violation of Labor Code section 201.  Accordingly, Plaintiff

6         and all other class members seek these penalties as relief for Defendants' violations.

7   47.   As a direct result of Defendants' willful failure and refusal to comply with the California Labor

8         Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages

9         in a sum according to proof.  On behalf of the class, Plaintiff hereby seeks compensatory

10        damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

11  48.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is

12        presently unaware of the precise amount of these expenses and fees and prays for leave of court

13        to amend this Complaint when the amounts are more fully known.

14

### SIXTH CAUSE OF ACTION
### Violation of Business and Professions Code § 17200 - Class Action
### (Individually, and on behalf of the Class against Defendants and DOES 1 through 10)

15

16

17  49.   Plaintiff hereby incorporates by reference paragraphs 1 through 48 as though fully set forth

18        herein.

19  50.   Plaintiff is a direct victim of Defendants' illegal and/or unfair business acts and practices

20        referenced in this complaint, has lost money as a result of such practices, and brings this action

21        both in her individual capacity and on behalf of Defendants' current and former California-

22        based, nonexempt employees who share a common or general interest in the damages as a

23        result of the illegal and/or unfair practices.

24  51.   The approximately One Thousand Two Hundred (1,200) member class is ascertainable via

25        their experience as Defendants' current or former California-based, nonexempt employees.

26        Class members share a community of interest and an injury-in-fact as Defendant has violated

27        California compensation laws, thereby depriving class members of money earned.  Based on

28        the facts set forth above, it would be impracticable to proceed in individual actions.

- 10 -

First Amended Class Action Complaint

52.   Plaintiff suffered an injury-in-fact pursuant to Business & Professions Code section 17204, and lost money as a result of Defendants' illegal and/or unfair practices.

53.   Plaintiff brings this action on behalf of an ascertainable class who share a community of interest pursuant to Business & Professions Code section 17203 and Code of Civil Procedure section 382 and who share a common or general interest in the damages as a result of the illegal and/or unfair practices, in that those individuals on whose behalf the action is brought have also lost money as a result of Defendants' practices, as set forth above, and that it would be impracticable to proceed as an individual plaintiff action.

54.   As set forth above, during the course of Plaintiff's employment, Defendants failed and refused to properly pay Plaintiff and all other class members. Defendant also failed to comply with fundamentally protective California laws including, but not limited to, Labor Code sections 201-203, 226, 226.7, 512, 1194, and 2802, as well as IWC Wage Order 16, codified as Title 8, California Code of Regulations, section 11160 *et seq.*

55.   Business & Professions Code section 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice.

56.   Plaintiff's allegations herein are based upon Defendants' institutional business acts and practices.

57.   Defendants' acts and practices, as described herein above, are unlawful and unfair, in that they violate the Labor Code and IWC Wage Order(s).

58.   As a direct result of Defendants' unlawful and unfair business acts and practices, Plaintiff and all other class members have been denied wages earned, and have therefore been damaged in an amount to be proven.  Accordingly, Plaintiff prays for restitution and injunctive damages in an amount to be proven.

59.   Plaintiff is informed and believes, and on that basis alleges, that Defendants' unlawful and unfair business practices, alleged above, are continuing in nature and are widespread.

60.   On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendant to enjoin it from continuing to engage in the illegal conduct alleged herein.

61.   On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

- 11 -

62.   Plaintiff has incurred and continue to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays for leave of court to amend this complaint when the amounts are more fully known.

**SEVENTH CAUSE OF ACTION**
**Violation of Labor Code § 2698 et seq. - Representative Action**
**(Individually, and on behalf of all Aggrieved Employees against Defendants and DOES 1 through 10)**

63.   Plaintiff ROMO hereby incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

64.   At all times mentioned herein, SHIMMICK was subject to the Labor Codes and Industrial Welfare Commission Wage Orders of the State of California, including, but not limited to, California Labor Code section 2698 *et seq.*

65.   ROMO has exhausted his administrative remedies and pre-filing requirements pursuant to California Labor Code section 2699.3, and has also fulfilled all notice requirements under the statute.  To wit, on April 16, 2014, counsel for ROMO prepared and mailed a letter to the California Labor & Workforce Development Agency ("LWDA") via USPS Certified Mail. A copy of the letter was mailed to the agent for service of process for SHIMMICK, also via USPS Certified Mail.  The letter contained the specific provisions of the California Labor Code and Business and Professions Code violated by SHIMMICK, as well as the facts and theories in support of ROMO's claims.  (Please see **Exhibit B**, a true and correct copy of this letter.) The LWDA did not provide notice of its intention to investigate the alleged violations within 33 calendar days of the postmark date of ROMO's letter, thus allowing ROMO to commence a civil action under Labor Code section 2698 *et seq.*  Cal. Lab. Code § 2699.3(a)(2).

66.   At all times mentioned herein, SHIMMICK is and was an "employer" as that term is used within the relevant sections of the California Labor Code.

67.   Throughout the Class Period, SHIMMICK committed the above-referenced and incorporated Labor Code and Wage Order violations against ROMO and the Class Members.  To wit, SHIMMICK failed to pay ROMO and the Class Members all wages due and owing to them in violation of Labor Code sections 1194 and 1197. SHIMMICK also violated, *inter alia,*

- 12 -

California Labor Code sections 512 and 226.7, as well as California Code of Regulations, title 8, sections 11160(7)(A) and 11160(11)(A), by (1) maintaining a meal period policy that does not ensure that a first meal period is provided before an employee works 5 consecutive hours of work, or provide a second meal period for shifts lasting in excess of 10 hours, (2) by a practice of SHIMMICK supervisors refusing to provide SHIMMICK employees Meal Periods, and (3) failing to pay employees an additional hour of pay at the "regular rate of compensation" for missed or late meal periods. Further, SHIMMICK violated, *inter alia*, California Labor Code section 226.7, as well as California Code of Regulations, title 8, section 11160(11)(A), by possessing a deficient rest period policy and practice by failing to provide SHIMMICK employees a Rest Period for each 4 hours "or major fraction thereof" worked. SHIMMICK also violated, *inter alia*, California Labor Code section 226 by failing to include in employees' wage statements (1) the name and address of the legal entity that is the employer in violation of section 226(a)(8), (2) the total number of hours worked in violation of section 226(a)(2), (3) accurate net or gross wages, earned in violation of section 226(a)(1) and (5), and (3) an accurate showing of the "last four digits of the employee's social security number or an employee identification number," in violation of Labor Code section 226(a)(7). SHIMMICK also violated Labor Code section 2802, by failing to provide payments for expenses incurred by ROMO and other non-exempt employees, including expenses for cell-phone costs, boots, and mileage. Finally, SHIMMICK failed to provide all compensation upon termination of employment in violation of Labor Code sections 201-203, due, in part, to the fact that SHIMMICK failed to provide proper compensation for all hours worked, as discussed above.

68.   As a direct result of SHIMMICK's failure to comply with the provisions of the Labor Code and orders of the commission, ROMO and the remaining Class Members have been damaged in an amount to be proved at trial.

///

///

- 13 -

First Amended Class Action Complaint

69.   As California Labor Code Section 2699 provides for civil penalties recoverable by ROMO on behalf of himself and the Class by and through Labor Code section 2699.3, and as ROMO has complied with the pre-filing requirements, ROMO and the Class may recover the penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

70.   ROMO and the Class also seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on behalf of all members of the class, pray for judgment as follows:

1.   For an order certifying the proposed class(es);

2.   For compensatory damages according to proof, as set forth under Labor Code sections 1194, and 2802, among other statutes;

3.   For penalties and restitution of wages according to proof, as set forth under Labor Code sections 226, 226.7, and 1197.1, among other statutes;

4.   For penalties pursuant to Title 8, California Code of Regulations, Wage Order 16 (or any applicable Wage Order);

5.   For lost back pay in an amount to be proven;

6.   On behalf of the ascertainable Class, for a permanent injunction against Defendant restraining, preventing, and enjoining Defendant from engaging in the illegal practices alleged, and to ensure compliance with, among other employee protections, Labor Code sections 201-203, 226, 226.7, 512, 1197, and 2802;

7.   On behalf of the ascertainable Class, for restitution damages on behalf of the section 17200 claimants who share a common or general interest;

8.   Where available, for liquidated damages pursuant to Labor Code section 1194.2;

9.   For an award of interest, including prejudgment interest, pursuant to Labor Code section 218.6;

///

- 14 -

First Amended Class Action Complaint

10. For an award of attorneys' fees and costs of suit herein pursuant to Labor Code sections 218.5, 226, 1194, 2802, 2699(g)(1) and Code of Civil Procedure section 1021.5;

11. For an award of statutory civil penalties and any unpaid, or underpaid wages, pursuant to Labor Code section 558(a);

12. For an award of statutory civil penalties pursuant to Labor Code section 2699(f)(2); and

13. For such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that this matter be heard and decided by trial by jury.

Dated: May 19, 2014

SULLIVAN LAW GROUP, APC

William B. Sullivan
Eric K. Yaeckel
Clint S. Engleson
Attorneys for Plaintiff JUAN ROMO,
Individually and on behalf of other members of
the general public similarly situated

- 15 -

First Amended Class Action Complaint

# Exhibit A

30108 Juan F. Romo
918 Beyer Way    Apt. D-8
San Diego, CA 92154

Check Number: 16280
Check Date: 4/25/13
Period Ending: 4/27/13
Pay Frequency: Weekly

Social Security Number:
Fed Filing Status/Deducts: M    0

### EARNINGS

| Description | Rate | Hours | This Pay Period | Year to Date |
|---|---|---|---|---|
| Regular | 27.10000 | 24.00 | 650.40 | 17,073.00 |
| Overtime | 40.65000 | 7.00 | 284.55 | 3,739.82 |
| Vacation | 4.05000 | | 125.55 | 2,924.12 |

### DEDUCTIONS

| Description | This Pay Period | Year to Date |
|---|---|---|
| Federal Withholding | 117.97 | 2,932.02 |
| FICA - Social Security | 65.75 | 1,471.69 |
| FICA - Medicare | 15.38 | 344.19 |
| State Withholding | 25.30 | 764.82 |
| CA SDI | 10.61 | 237.39 |
| Vacation | 125.55 | 2,924.11 |

Important Messages: 8201 Edgewater Dr. Ste 302 Oakland, Ca. 94621

| | Gross | Deductions | Net |
|---|---|---|---|
| THIS PAY PERIOD | 1,060.50 | 360.56 | 699.94 |
| YEAR TO DATE | 23,736.94 | 8,694.22 | 15,042.72 |

4/27/13

# Exhibit B

# SULLIVAN LAW GROUP

### A PROFESSIONAL CORPORATION

**2330 THIRD AVENUE**
**SAN DIEGO, CALIFORNIA 92101**

**PHONE 619-702-6760**
**FACSIMILE 619-702-6761**

April 16, 2014

Labor and Workforce Development Agency                *Via Certified U.S. Mail Only*
800 Capitol Mall, MIC-55
Sacramento, CA 95814

     Re: Juan Romo v. Shimmick Construction Company, Inc.
     Our File Number: 6468

Dear Administrator:

  Please allow this correspondence to serve as "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by Shimmick Construction Company, Inc. (hereinafter "Shimmick") in the above referenced matter.  Thank you for your assistance on this issue.

  The specific provisions alleged to have been violated by Shimmick are as follows:

    CALIFORNIA LABOR CODE SECTIONS 201-203, 221, 226, 226(a), 226.7, 510, 512, 1194 and 2802, as well as IWC Wage Order 16, codified as Title 8, California Code of Regulations, section 11040 *et seq.*

  Facts and theories supporting the allegations: Our client, Juan Romo, worked as a non-exempt employee for Shimmick from approximately October, 2011 through April 23, 2013.

  Throughout the term of his employment, Shimmick required Mr. Romo, and all other non-exempt employees, to experience actions illegal under the California Labor Code, including the following:

   - Shimmick has failed to provide timely Regular and Overtime compensation to its employees, because all hours worked by the Shimmick employees were and are not calculated or paid for, in violation of - among other statutes - Labor Code sections 201-203, 204, 510, and 1194. For example, Mr. Romo, and certain other Shimmick employees, continuously worked in excess of 8 hours a day and 40 hours a week,

without being provided all Overtime compensation owing to them. Mr. Romo, working on the San Vicente dam project, worked (on at least 1 occasion) 24 hours in a row, but was only paid for 16 hours in that day. Additionally, Mr. Romo would regularly work 16-hour days, without receiving all Overtime. The failure to pay all overtime owing was caused, at least in part, by Shimmick supervisors concerns for scheduling and limiting payroll.

- Shimmick failed to provide compliant meal and rest periods or requisite meal/rest period payments in violation of, *inter alia*, Labor Code sections 226.7, 512, and IWC Wage Order 16, codified as Title 8, California Code of Regulations, section 11160 (7) and (11). Shimmick possesses a deficient meal period policy which (1) does not ensure that a first meal period is provided before an employee works 5 consecutive hours of work, and (2) fails to provide a second meal period for shifts lasting in excess of 10 hours. Shimmick also failed to pay its employees an additional hour of pay at the "regular rate of compensation" for missed or late meal periods, as required by Labor Code section 226.7 and IWC Wage Order 16. Shimmick's Rest Period Policy did not provide a Rest Period for each 4 hours "or major fraction thereof." Moreover, Mr. Romo and other Shimmick employees were continuously denied Meal Periods and Rest Periods by Shimmick supervisors, who refused to allow the employees to take them;

- Shimmick failed to provide statutorily-compliant and accurate itemized wage statements, in violation of Labor Code section 226. For example, Shimmick failed to provide an <u>accurate</u> showing of the "gross wages earned," in violation of Labor Code section 226(a)(1). This violation was caused by Shimmick's failure to accurately pay for all regular and overtime worked. Shimmick also failed to provide an <u>accurate</u> showing of the "total hours worked by the employees," in violation of Labor Code section 226(a)(2), for the same reasons set forth immediately above. Shimmick failed to provide an <u>accurate</u> showing of the "net wages earned," in violation of Labor Code section 226(a)(5), for the same reasons set forth above. Shimmick also failed to provide an <u>accurate</u> showing of the "inclusive dates of the period for which the employee is paid," in violation of Labor Code section 226(a)(6); simply, the required information is not present. Shimmick also failed to provide an <u>accurate</u> showing of the "last four digits of the employee's social security number or an employee identification number," in violation of Labor Code section 226(a)(7). Again, this information is not present. Shimmick also failed to provide an <u>accurate</u> showing of the "name and address of the legal entity that is the employer," in violation of Labor Code section 226(a)(8); this information is not present. Finally, Shimmick failed to provide an <u>accurate</u> showing of the "number of hours worked at each hourly rate by the employee," in violation of Labor Code section 226(a)(9), because the number of hours listed is inaccurate, due to the fact that Shimmick under-reported the regular and overtime hours listed. Please see **Exhibit A**.

- Shimmick failed to provide compliant expense reimbursement payments in violation of, *inter alia*, Labor Code section 2802, by failing to provide payments for expenses incurred by Mr. Romo and other non-exempt employees, including expenses for cell-

phone costs, boots, and mileage.

- Shimmick illegally deducted sums from its employees' wages in violation of, among other statutes, Labor Code section 221. These violations resulted from Shimmick's policy of making deductions, without explanation or prior authorization, from its employees' earned wages; and

- Shimmick failed to provide all compensation upon termination of employment in violation of Labor Code sections 201-203, due, in part, to the fact that Shimmick failed to provide proper compensation for all hours worked, as discussed above.

To confirm, Shimmick is a "person" as defined within California Labor Code section 18.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very Truly Yours,

Clint S. Engleson, Esq.

*Via Certified U.S. Mail*

Scott Fairgrieve - *Agent for Service*
**Shimmick Construction Company, Inc.**
8201 Edgewater Drive, Suite 202
Oakland, CA 94621

3

EXHIBIT A

30108 Juan F. Romo  Apt. D-9
916 Beyer Way
San Diego, CA 92154

Check Number: 16280
Check Date: 4/25/13
Period Ending: 4/27/13
Pay Frequency: Weekly

Social Security Number:
Fed Filing Status/Deducts: M   0

### EARNINGS

| Description | Rate | Hrs/Units | Amount | YTD Hrs/Units | YTD Amount |
|---|---|---|---|---|---|
| Regular | 27.10000 | 24.00 | 650.40 | | 17,073.00 |
| Overtime | 40.65000 | 7.00 | 284.55 | | 3,739.82 |
| Vacation | 4.05000 | | 125.55 | | 2,924.12 |

### DEDUCTIONS

| Description | This Pay Period Amount | YTD Amount |
|---|---|---|
| Federal Withholding | 117.97 | 2,933.02 |
| FICA - Social Security | 65.75 | 1,471.69 |
| FICA - Medicare | 15.38 | 344.19 |
| State Withholding | 25.30 | 704.82 |
| CA SDI | 10.61 | 237.39 |
| Vacation | 125.55 | 2,924.11 |

**THIS PAY PERIOD**

| Earnings | Deductions | Net Pay |
|---|---|---|
| 1,060.50 | 360.56 | 699.94 |

| Period Ending |
|---|
| 4/27/13 |

**YEAR TO DATE**

| Earnings | Deductions | Net Pay |
|---|---|---|
| 23,736.94 | 8,894.22 | 15,042.72 |

Important Messages: 8201 Edgewater Dr. Ste 102 Oakland, Ca. 94621

**Card 1:**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BOR AND WORKFORCE DEVELOPMENT AGENCY
800 CAPITOL MALL, MIC-55
SACRAMENTO, CA 95814

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)        C. Date of Delivery
800 DEVT

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

Labor Mail DEPARTMENT
CA 95814

3. Service Type
☒ Certified Mail   ☐ Priority Mail Express™
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7012 1640 0002 3435 6372

PS Form 3811, July 2013        Domestic Return Receipt

**Card 2:**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SCOTT FAIRGRIEVE- AGENT FOR SERVICE
SHIMMICK CONSTRUCTION COMPANY, INC.,
8201 EDGEWATER DRIVE, SUITE 202
OAKLAND, CA 94621

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Priority Mail Express™
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7012 1640 0002 3435 6389

PS Form 3811, July 2013        Domestic Return Receipt

**Card 3:**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Scott Fairgrieve - Agent for Service
Shimmick Construction Co, Inc.
8201 Edgewater Drive
Suite 202
Oakland, CA 94621

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Priority Mail Express™
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7011 1570 0002 8698 0351

PS Form 3811, July 2013        Domestic Return Receipt

*Romo v. Shimmick Construction Company Inc.*
Superior Court of California, County of Alameda
Case no. HG14721863

<div align="center">DECLARATION OF SERVICE</div>

I, Helen Bowles, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 2330 Third Avenue, San Diego, California 92101.

On May 19, 2014, I served the following document(s):

1.     **PLAINTIFF JUAN ROMO's FIRST AMENDED COMPLAINT**

on the parties in this action addressed as follows:

SCOTT FAIRGRIEVE
8201 EDGEWATER DRIVE, SUITE 202
OAKLAND CA 94621

*Agent for Service of Process for Shimmick Construction Company Inc.*

**BY U.S. MAIL:** I placed a true and correct copy of the above document(s) in a sealed envelope, addressed as indicated above. I am readily familiar with the firm's practice and collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party serviced, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 19, 2014 at San Diego, California.

Helen Bowles

EXHIBIT K- 6

Sullivan Law Group, APC
Attn: Yaeckel, Eric K.
2330 Third Avenue
San Diego, CA 92101

Shimmick Construction Company, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Romo<br><div align="right">Plaintiff/Petitioner(s)</div><div align="center">VS.</div>Shimmick Construction Company, Inc.<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>HG14721863</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 05/27/2014   TIME: 08:45 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 06/30/2014   TIME: 08:30 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing them to the following address:
**EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information,

go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  04/24/2014                                     Executive Officer / Clerk of the Superior Court

                                              By   *Cheryl Clark*
                                                                                    Digital
                                                   _____
                                                                          Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

         Executed on 04/24/2014.

                                              By   *Cheryl Clark*
                                                                                    Digital
                                                   _____
                                                                          Deputy Clerk

EXHIBIT K- 7

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

Log In

## DomainWeb

*your resource for case filing information*

**Buy Credits**
0 Credit(s)



**Checkout (0 item(s))**

DomainWeb    About    Using this Site    Downloads    Fee    FAQ

## Case Details

Case Number:
HG14721863

Title: Romo VS Shimmick Construction Company, Inc.

| Case Summary | Register of Action | Participants | **Tentative Rulings** |
| Future Hearings | Minutes | | |

| Date | Action |
|------|--------|
| | This Tentative Ruling is made by Judge Wynne Carvill The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 21 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. COMPLEX CASE FEES Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the |

Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. PROCEDURES Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 21. All motions and ex parte applications shall be noticed for hearing in Department 21. The parties shall reserve hearing dates and times by contacting the Department 21 courtroom clerk via email at Dept.21@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6937, but phone contact should be used very sparingly. E-mail is the preferred method of communication. Courtesy (bench) copies of all filings should be delivered directly to Dept. 21 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.21@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 21). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned. CASE MANAGEMENT At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar

5/20/2014

Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 21. The filing and delivery date is not later than five court days before the conference. The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable: A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages. B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable; C. Deadlines and limits on joinder of parties and amended or additional pleadings; D. Class discovery and class certification; E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date; F. An identification of all potential evidentiary issues involving confidentiality or protected evidence; G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to: (1) unserved parties and the reasons for the failure to serve; (2) unserved and/or unfiled cross-complaints; (3) related actions pending in any jurisdiction and the potential for coordination or consolidation; (4) any possible jurisdictional or venue issues that may arise; (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues; (6) unresolved law and motion matters; (7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration; (8) severance of issues for trial; and (9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date. H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda. SERVICE OF THIS ORDER Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not

listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service. IF THIS TENTATIVE RULING IS CONTESTED, CONTACT THE CLERK IN D-21 AND SEEK A HEARING DURING THE WEEK OF JUNE 2, 2014. THE COURT IS NOT AVAILABLE THE WEEK OF MAY 26.

Page: 1 of 1

Back to Search Results

EXHIBIT K- 8

| | |
|---|---|
| 1 | William A. Bogdan (SBN 124321) |
| | Arif Virji (SBN 130322) |
| 2 | Julie L. Fieber (SBN 202857) |
| | LYNCH, GILARDI & GRUMMER |
| 3 | A Professional Corporation |
| | 170 Columbus Avenue, 5th Floor |
| 4 | San Francisco, CA 94133 |
| | Telephone:    (415) 397-2800 |
| 5 | Facsimile:    (415) 397-0937 |
| | Email: wbogdan@lgglaw.com |
| 6 | avirji@lgglaw.com |
| | jfieber@lgglaw.com |

ENDORSED
FILED
ALAMEDA COUNTY

MAY 22 2014

CLERK OF THE SUPERIOR COURT
By___Alex Moyle___

7

8  Attorneys for Defendant SHIMMICK
    CONSTRUCTION COMPANY,
9  INC.

10

11            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 IN AND FOR THE COUNTY OF ALAMEDA

13                        UNLIMITED JURISDICTION

| | | |
|---|---|---|
| 14 | JUAN ROMO, Individually and on behalf of other members of the general public similarly situated, | Case No.: HG14721863 |
| 15 | | *Assigned for All Purposes to:* |
| 16 | Plaintiff, | *The Honorable Wynne Carvill* *Presiding in Department 21* |
| 17 | v. | **ANSWER TO CLASS ACTION COMPLAINT** |
| 18 | SHIMMICK CONSTRUCTION COMPANY, INC., a California corporation; | |
| 19 | and DOES 1-10, inclusive, | |
| 20 | Defendants. | |
| 21 | | |
| 22 | | |

23

24        Defendant SHIMMICK CONSTRUCTION COMPANY, INC. (hereinafter

25  "Defendant"), hereby answers plaintiff Juan Romo's ("Plaintiff") unverified Complaint on file

26  herein as follows:

27                        **GENERAL DENIAL**

28        1.    Pursuant to the provisions of California Code of Civil Procedure section

---

1

ANSWER TO CLASS ACTION COMPLAINT

431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, as separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

1.     AS A SEPARATE DEFENSE, the Complaint and each cause of action set forth therein fail to state facts sufficient to state a cause of action against Defendant.

2.     AS A SEPARATE DEFENSE, Plaintiff's claims are barred, in whole or in part, to the extent he brings time-barred claims, by the applicable statute of limitations, including California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, California Labor Code section 203, and California Business and Professions Code section 17208.

3.     AS A SEPARATE DEFENSE, Plaintiff's claims are barred, in whole or in part, because a representative or class action of the claims alleged in the Complaint would violate due process under the United States and California Constitutions.

4.     AS A SEPARATE DEFENSE, Plaintiff's claims under California Business and Professions Code section 17200, *et seq.* are barred because Plaintiff has an adequate remedy at law.

5.     AS A SEPARATE DEFENSE, pursuant to California Business and Professions Code section 17200, *et seq.*, Plaintiff's claims for restitution are barred to the extent that these claims constitute damages or penalties of any nature.

6.     AS A SEPARATE DEFENSE, Plaintiff's claims seeking recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200, *et seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

7.     AS A SEPARATE DEFENSE, Plaintiff's prosecution of this action by Plaintiff as

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

2

ANSWER TO CLASS ACTION COMPLAINT

1   a representative of the general public under California Business and Professions Code section

2   17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of

3   Defendant's substantive and procedural due process rights under the Fourteenth Amendment of

4   the United States Constitution and under the California Constitution.

5        8.    AS A SEPARATE DEFENSE, any recovery on Plaintiff's Complaint is barred or

6   diminished to the extent Plaintiff failed to mitigate any damages.

7        9.    AS A SEPARATE DEFENSE, any recovery on Plaintiff's complaint is barred, in

8   whole or in part, to the extent that Plaintiff, by reason of his acts, conduct and/or omissions, has

9   waived or released his rights, if any, to obtain the relief sought in the Complaint.

10       10.    AS A SEPARATE DEFENSE, any recovery on Plaintiff's Complaint is barred, in

11   whole or in part, to the extent that Plaintiff, by reason of his acts, conduct and/or omissions, is

12   estopped from obtaining the relief sought in the Complaint.

13       11.    AS A SEPARATE DEFENSE, all or portions of Plaintiff's claims are barred, in

14   whole or in part, by the doctrines of laches, unclean hands, unjust enrichment and avoidable

15   consequences.

16       12.    AS A SEPARATE DEFENSE, all or portions of Plaintiff's claims are barred by

17   the doctrine of waiver or release, including, but not limited to, Plaintiff's waiver of meal and/or

18   rest breaks made available to him.

19       13.    AS A SEPARATE DEFENSE, any claims of Plaintiff seeking penalties, punitive

20   or exemplary damages are barred, in whole or in part, because the imposition of such damages in

21   this case would violate the due process and excessive fines clauses under the United States and

22   California constitutions. *State Farm v. Campbell*, 538 U.S. 408 (2003).

23       14.    AS A SEPARATE DEFENSE, Plaintiff is not entitled to overtime premiums to

24   the extent that Plaintiff seeks to include employees in the class who are exempt from the

25   overtime requirements pursuant to, but not limited to the administrative, executive or

26   professional exemptions, and any other applicable exemptions found in the California Labor

27   Code or the provisions of the California Industrial Welfare Commission Wage Orders.

28       15.    AS A SEPARATE DEFENSE, Plaintiff's claims are barred in whole or in part by

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

3

ANSWER TO CLASS ACTION COMPLAINT

1    a valid collective bargaining agreement.

2      16.    AS A SEPARATE DEFENSE, Plaintiff fails to state a claim for penalties under

3    Labor Code section 203 because there is a bona fide, good-faith dispute with respect to

4    Defendant's obligation to pay any wages it may be found to be due.

5      17.    AS A SEPARATE DEFENSE, without conceding that Defendant violated the

6    law, any time spent by Plaintiff and /or putative class members beyond his/her compensated

7    workweek, including any missed meal or rest break time, was *de minimis*.

8      18.    AS A SEPARATE DEFENSE, Plaintiff's claims are barred in whole or in part by

9    the doctrine of *de minimis non curat lex*.

10      19.    AS A SEPARATE DEFENSE, Plaintiff's claims are barred in whole or in part

11    and Plaintiff lacks standing to bring his claims to the extent Plaintiff's alleged damages were

12    caused by his own failure to perform his job duties consistent with expectations and his failure to

13    follow directives, policies and procedures.

14      20.    AS A SEPARATE DEFENSE, Plaintiff consented to, encouraged, or voluntarily

15    participated in all actions taken, if any.

16      21.    AS A SEPARATE DEFENSE, Plaintiff's claims are barred in whole or in part

17    because Plaintiff is not an employee of the defendant but rather an employee of Shimmick

18    Construction Company, Inc./Obayashi Corporation JV, and as such is subject to the applicable

19    collective bargaining agreement covering the employment of some or all of Plaintiff and/or

20    members of the putative class. Plaintiff failed to exhaust the grievance and/or arbitration

21    procedures provided by the applicable collective bargaining agreement, and therefore his claims

22    are preempted by Section 301 of the federal Labor Management Relations Act, 29 U.S.C. § 185.

23      22.    AS A SEPARATE DEFENSE, the Complaint and each cause of action therein

24    cannot be maintained against Defendant because the Complaint fails to state facts sufficient to

25    constitute a cause of action in that the exclusive remedy for Plaintiff's claims is the National

26    Labor Relations Act, 29 U.S.C. § 151 *et seq. San Diego Bldg. Trades Council v. Garmon*, 359

27    U.S. 236 (1959).

28      23.    AS A SEPARATE DEFENSE, to the extent Plaintiff and/or those persons he

Lynch, Gilardi
& Grunmer
170 Columbus Ave
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

ANSWER TO CLASS ACTION COMPLAINT

seeks to represent entered into one or more settlements with Defendant or otherwise released Defendant from any liability as alleged in the Complaint, their claims are barred in whole or in part by the doctrine of settlement, accord and satisfaction.

24.     AS A SEPARATE DEFENSE, the Complaint and each cause of action set forth therein are barred in whole or in part by the doctrine of collateral estoppel and/or *res judicata* insofar as individual putative class members Plaintiff seeks to represent have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in the instant action.

25.     AS A SEPARATE DEFENSE, the Complaint and each cause of action set forth therein are barred in whole or in part to the extent the damages Plaintiff alleges in the Complaint are too speculative to be recoverable at law.

26.     AS A SEPARATE DEFENSE, the Complaint and each cause of action therein, or some of them, is barred to the extent the applicable wage orders of the California Industrial Welfare Commission or the provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

27.     AS A SEPARATE DEFENSE, even assuming *arguendo* that Plaintiff and/or the members of the alleged putative class he purports to represent are entitled to recover any wages under California law, including any unpaid premium pay or overtime compensation, Defendant is entitled to a credit or offset for all compensation or credits cumulatively provided that were not required under the law in order to prevent a windfall to Plaintiff and/or the members of the alleged putative class he purports to represent.

28.     AS A SEPARATE DEFENSE, to the extent some work was performed by Plaintiff or putative class members that was completely voluntary in nature and/or without Defendant's knowledge or authorization, and was not required by Defendant as a term or condition of Plaintiff's or putative class members' continued employment, such work does not constitute compensable working time under California law.

29.     AS A SEPARATE DEFENSE, the Complaint and each cause of action set forth therein, or some of them, are barred to the extent that, as applied in this putative class action, an

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

5

award of civil penalties would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution. *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

30.    AS A SEPARATE DEFENSE, adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of the California Constitution. *See, e.g., Wal-Mart v. Dukes*, 564 U.S. 277 (2011).

31.    AS A SEPARATE DEFENSE, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class action in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

32.    AS A SEPARATE DEFENSE, Plaintiff's claims are barred in whole or in part because Plaintiff is an employee of Shimmick Construction Company, Inc./Obayashi Corporation JV, and as such is subject to the applicable collective bargaining agreement covering the employment of some or all of Plaintiff and/or members of the putative class. Plaintiff's claims are barred in whole or in part because they are subject to mandatory arbitration as provided by the applicable collective bargaining agreement, and therefore his claims are preempted by the Federal Arbitration Act, 9 U.S.C. § 2 *et seq.*

33.    AS A SEPARATE DEFENSE, Plaintiff's meal and/or rest break claims are barred in whole or in part because of the existence of on-the-job meal break agreements.

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by reason of his Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    That Defendant recover its attorney's fees and costs of suit; and

4.    That the Court award Defendant such other and/or further relief as the Court deems

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

ANSWER TO CLASS ACTION COMPLAINT

1     just and proper.

2   Dated: May 22, 2014                    LYNCH, GILARDI & GRUMMER, APC

3

4                                          By: _____

5                                               William A. Bogdan
                                           Attorneys for Defendant SHIMMICK
6                                                CONSTRUCTION COMPANY,
                                                 INC.

7   \\lgg-sfo-dc01\conversion\pending00001228\p\253954.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

ANSWER TO CLASS ACTION COMPLAINT

*Romo v. Shimmick Construction, Inc., et al.*
Alameda County Superior Court, Action No. HG14721863

### PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 170 Columbus Avenue, Fifth Floor, San Francisco, CA 94133.

On **May 22** , 2014, I served the foregoing document described as:

### ANSWER TO CLASS ACTION COMPLAINT

on the interested parties in this action as follows:

William Sullivan, Esq.                              Attorneys for Plaintiff
Eric K. Yaeckel, Esq.                               JUAN ROMO
SULLIVAN LAW GROUP, APC
2330 Third Avenue
San Diego, CA 92101
(619) 702-6760
**Fax (619) 702-6761**

☑ **[BY US MAIL, CCP § 1013a(3)]** I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **[BY FAX]** At _____ .m., I transmitted the above-described document(s) on the parties listed above from a facsimile transmission machine whose number is (415) 397-0937. The above-entitled transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is available upon request.

☐ **[BY HAND]** I delivered such envelope personally at the above address.

☐ **[OVERNIGHT COURIER]** I caused such document to be delivered by an overnight courier service for delivery by 10:30 a.m. the following day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **May 22** , 2014 at San Francisco, California.

_Kelli R. Bremer_
Kelli R. Bremer

254115.doc

PROOF OF SERVICE