1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    JUAN ROMO,
                                              Case No. 15-cv-00673-JCS
                  Plaintiff,
8
           v.
9                                             **ORDER GRANTING MOTION TO
                                              REMAND AFTER SECOND REMOVAL
     SHIMMICK CONSTRUCTION                     AND DENYING FOR LACK OF
10   COMPANY, INC.,                           JURISDICTION MOTION TO COMPEL
                                              ARBITRATION**
11                Defendant.
                                              Re: Dkt. Nos. 16, 26
12

13   **I.     INTRODUCTION**

14           This case is before the Court after Defendant Shimmick Construction Company, Inc.

15   ("Shimmick") removed the case from state court for a second time.  As on the previous removal,

16   Plaintiff Juan Romo again moves to remand, and Shimmick again moves to stay the action and

17   compel arbitration.  The Court finds the matter suitable for resolution without oral argument and

18   **vacates the hearing scheduled for June 19, 2015**.  *See* Civ. L.R. 7-1(b).  Shimmick's successive

19   removal is procedurally improper, and Shimmick has once again failed to establish federal subject

20   matter jurisdiction.  Romo's Motion to Remand (dkt. 16) is therefore GRANTED,[1] and

21   Shimmick's Motion to Compel Arbitration (dkt. 26) is DENIED without prejudice for lack of

22   jurisdiction.

23   **II.    BACKGROUND**

24           **A.     Factual and Procedural Background**

25           Romo filed this action against Shimmick on April 17, 2014, in the Superior Court of

26   ─────────────────────
     [1] On the previous removal, the parties consented to the jurisdiction of the undersigned magistrate
27   judge to "conduct all further proceedings in this case" pursuant to 28 U.S.C. § 636(c).  *See* Case
     No. 14-cv-02403-JCS (N.D. Cal.) dkts. 9, 12.  Although as an administrative matter a new case
28   number was assigned on the second removal, this is nevertheless a "further proceeding" of the
     same case, and the parties' consent remains valid.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    California, Alameda County, Case No. HG14721863, on behalf of himself and all other similarly

2    situated individuals.  *See* Bogdan Decl. in support of 2d Notice of Removal, Ex. K-5 (1st Am.

3    Compl., dkt. 3-1).  Romo alleges that he was continuously employed by Shimmick from October

4    2011 to approximately April 23, 2013.  *Id*. ¶ 18.  His claims are based at least in part on his work

5    on the "San Vicente dam project."  *Id.* ¶ 22.

6       The First Amended Complaint includes seven statutory claims under state law: failure to

7    pay employees for hours worked in violation of California Labor Code section 1194; failure to

8    provide meal and rest periods in violation of Labor Code sections 512 and 226.7 and California

9    IWC Wage Order 16; failure to reimburse employees for necessary business expenses in violation

10   of Labor Code section 2802; failure to include accurate information in employees' wage

11   statements in violation of Labor Code section 226; failure to provide all compensation upon

12   termination of employment in violation of Labor Code sections 201 through 203; conduct in

13   violation of Business Professions Code section 17200; and a Private Attorneys General Act claim

14   under Labor Code sections 2698 through 2699.5.

15      Shimmick previously removed this case to federal district court asserting federal question

16   jurisdiction on the basis that certain claims are preempted by section 301 of the Labor

17   Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  *See* 1st Notice of Removal (Case No.

18   14-cv-2403, dkt. 1).  According to Shimmick, Romo was an employee of a joint venture between

19   Shimmick and Obayashi Corporation, known as the Shimmick Construction Company

20   Inc./Obayashi Corporation JV (the "Joint Venture"), which was created to perform a portion of the

21   San Vicente dam project.

22      The Joint Venture had signed a Letter of Assent agreeing to be bound by the Emergency

23   Storage Project Labor Agreement (the "Project Labor Agreement") dated June 1, 1999 between

24   Parsons Constructors, Inc., the Building and Construction Trades Department, AFL-CIO, and

25   other international and local unions including Laborers' International Union of North America,

26   Local No. 89 ("Local 89").[2]  Article II, section 4 of the Project Labor Agreement provides:

27

28    [2] The Letter of Assent is Exhibit 2 to the May 22, 2014 declaration of Scott Fairgrieve, which is in
     turn Exhibit K-9 to the declaration of William Bogdan in support of Shimmick's second Notice of

United States District Court
Northern District of California

> The provisions of this Project Labor Agreement (including the Schedule A's, which are the local Collective Bargaining Agreements between bona fide contractor groups or representatives and the signatory Unions having covered work that corresponds to Qualifying Work on the Project) shall apply to the work covered by this Agreement . . . .

Macedo Decl. Ex. D at 6, § 4.  Thus, Shimmick asserted (and continues to assert) that through the Project Labor Agreement, the Joint Venture became party to multiple collective bargaining agreements ("CBAs").  *See* Fairgrieve Decl. (Case No. 14-cv-2403, dkt. 14-1) ¶ 5 & Exs. 4−5; Macedo Decl. ¶ 5 & Exs. A−C.  There was no evidence on the first removal that Shimmick itself, as opposed to the Joint Venture, entered into or agreed to be bound by any CBA relevant to this case.

The parties disputed a number of fundamental issues, including whether Shimmick or the Joint Venture employed Romo, whether Romo was a member of Local 89, whether the LMRA preempted Romo's purportedly state-law claims, and whether the arbitration agreements in the CBAs were enforceable.  After two rounds of supplemental briefing—first to consider additional evidence of whether Romo was a union member, and then to address whether Shimmick could assert the CBAs—the Court granted Romo's motion to remand to state court.  *See generally Romo v. Shimmick Constr. Co., Inc.*, No. 14-cv-02403-JCS dkt. 54, 2014 WL 6450249 (N.D. Cal. Nov. 14, 2014) ("1st Remand Order").  The Court held that regardless of whether Romo was employed by Shimmick or by the Joint Venture, there was no basis for federal jurisdiction: if Shimmick was the employer, there was no evidence that it was a party to any CBA that could bring the case within the scope of the LMRA, and if the Joint Venture—which is not a party to the case—was the employer, Shimmick would be entitled to judgment on that basis without any need to examine any CBA.  *See id.*  The Court therefore remanded to state court on November 14, 2014, without reaching any of the parties' factual disputes, reserving those issues for the state court.  *See id.*  The Court denied for lack of jurisdiction Shimmick's motion to compel arbitration and stay the case

---

Removal.  *See* dkt. 3-3.  Multiple copies of the Project Labor Agreement appear in the record, including as Exhibit D to the declaration of Valentine Macedo in opposition to the Motion to Remand.  *See* dkt. 23-3.

1    pending arbitration. *Id.* at 11.

2               **B.     Second Removal and Present Motions**

3        Shimmick removed the case a second time on February 12, 2015, again arguing that

4    Romo's claims are preempted by the LMRA because his employment was governed by one or

5    more CBAs. *See generally* 2d Notice of Removal (dkt. 1), Opp'n to Remand (dkt. 17).  The case

6    was assigned to the undersigned magistrate judge on May 13, 2015, based on the determination

7    that it is related to (and in fact the same case as) the previous removal.  *See* Order Relating Case

8    (dkt. 41).  Romo again moves to remand, and Shimmick again moves to stay the case and compel

9    arbitration.  *See* Mot. to Remand (dkt. 16); Mot. to Compel (dkt. 26).

10        As is relevant to this Order, Shimmick now argues that there is new evidence proving (1)

11   that Romo was employed by the Joint Venture and not by Shimmick, and (2) that Shimmick was

12   itself a party to the relevant CBAs through its membership in the Associated General Contractors

13   (the "AGC").  For the latter point, Shimmick relies primarily on a declaration by Valentine

14   Macedo, a Local 89 union officer, which includes the conclusory statement that "Shimmick . . .

15   through its membership with the [AGC] . . . was and is bound to" various CBAs.  Macedo Decl.

16   (dkt. 23) ¶ 4; *see also* Opp'n to Remand at 3−4.  Shimmick has also submitted a declaration by

17   Wendy Bonnell, a Shimmick payroll manager, stating that "Shimmick . . . was a member in good

18   standing with the [AGC]" during the period Romo alleges that he was employed on the San

19   Vicente dam project.  Bonnell Decl. (dkt. 22) ¶ 2.  In response, Romo argues that this is not

20   sufficient to show that Shimmick can assert any CBA—each of which, by its terms, governs only

21   members of the San Diego chapter of the AGC—and further argues that Shimmick's present

22   removal is procedurally improper as untimely and duplicative.  *See* Mot. to Remand at 5−6; Reply

23   re Remand (dkt. 25) at 2−5; Opp'n to Mot. to Compel (dkt. 33) at 4−5.

24        The parties continue to dispute a number of other fundamental issues, including whether

25   Romo's claims implicate overtime pay, whether the LMRA would apply to his claims even if his

26   employment was governed by a CBA, and whether the arbitration provisions of the CBAs are

27   enforceable.  Both parties also raise collateral procedural issues.  *See, e.g.*, Def.'s Objections to

28

United States District Court
Northern District of California

4

1    Pl.'s Evidence (dkt. 19); Reply re Remand at 2 (objecting to Shimmick exceeding Judge White's[3]

2    page limit for opposition briefs and to Shimmick filing objections to evidence as a separate

3    document).  Because there is no evidence that Shimmick can assert any rights under any CBA, the

4    Court need not reach any of these additional issues.

5    **III.    ANALYSIS**

6         **A.    Legal Standards**

7              **1.    Removal and Remand**

8         A defendant may remove a civil action filed in state court if the action could have been

9    filed originally in federal court.  28 U.S.C. § 1441.  A plaintiff may move to remand the case to

10   the state court from which it was removed if the district court lacks jurisdiction or if there is a

11   defect in the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes are construed

12   restrictively so as to limit removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

13   100, 108−09 (1941).  The Ninth Circuit recognizes a "strong presumption against removal."  *Gaus*

14   *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted).  Any doubts as to

15   removability should be resolved in favor of remand.  *Matheson v. Progressive Specialty Ins. Co.*,

16   319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the burden of showing that removal is

17   proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

18        "As a general rule, 'the presence or absence of federal-question jurisdiction is governed by

19   the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal

20   question is presented on the face of the plaintiff's properly pleaded complaint.'"  *ARCO Envtl.*

21   *Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000)

22   (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987)) (alterations omitted).  "The rule

23   makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive

24   reliance on state law."  *Caterpillar*, 482 U.S. 386 at 392.  The corollary to this rule, however, is

25   the "complete preemption" doctrine, which states that the preemptive force of some statutes is so

26   strong that they "completely preempt" an area of state law.  *See Metro. Life Ins. Co. v. Taylor*, 481

27

28   [3] At the time the parties filed their briefs, the case was before Judge White and had not yet been
     reassigned to the undersigned magistrate judge.

5

United States District Court
Northern District of California

1    U.S. 58, 65 (1987).

2                        **2.   Preemption by the LMRA**

3            In this case, Shimmick seeks to apply the "complete preemption" doctrine through section

4    301 of the LMRA, which states:

5                    Suits for violation of contracts between an employer and a labor
                     organization representing employees in an industry affecting
6                    commerce as defined in this chapter, or between any such labor
                     organizations, may be brought in any district court of the United
7                    States having jurisdiction of the parties, without respect to the
                     amount in controversy or without regard to the citizenship of the
8                    parties.

9    29 U.S.C. § 185(a).  The Supreme Court has held that the preemptive scope of section 301

10   encompasses cases where resolution "is substantially dependent upon analysis of the terms of [a

11   CBA]."  *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *see also Ramirez v. Fox*

12   *Television Station*, 998 F.2d 743, 748 (9th Cir. 1993) (holding that preemption applies to claims

13   "either based upon a collective bargaining agreement or dependent upon an interpretation of the

14   agreement").  "Accordingly, preemption based on section 301 is proper 'even in some instances in

15   which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim

16   is either grounded in the provisions of the labor contract or requires interpretation of it.'"

17   *Rodriguez v. Pac. Steel Casting Co.*, No. 12-0353 NC, 2012 WL 2000793, at *3 (N.D. Cal. June 1,

18   2012) (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)).

19                        **3.   Timing of Removal and Successive Removals**

20           A case must be removed from state court either within thirty after the defendant receives

21   the initial pleading, or "if the case stated by the initial pleading is not removable, . . . within thirty

22   days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order or other

23   paper from which it may first be ascertained that the case is one which is or has become

24   removable."  28 U.S.C. § 1446(b)(1), (3).  The Ninth Circuit has held that "notice of removability

25   under § 1446(b) is determined through examination of the four corners of the applicable pleadings,

26   not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life &*

27   *Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  "Thus, even if a defendant could have discovered

28   grounds for removability through investigation, it does not lose the right to remove because it did

United States District Court
Northern District of California

1    not conduct such an investigation and then file a notice of removal within thirty days of receiving

2    [an] indeterminate document." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th

3    Cir. 2013). Instead, "§§ 1441 and 1446, read together, permit a defendant to remove outside the

4    two thirty-day periods on the basis of its own information, provided that it has not run afoul of

5    either of the thirty-day deadlines," *id.*, and "as long as the complaint or 'an amended pleading,

6    motion, order or other paper' does not reveal that the case is removable, the 30-day time period

7    never starts to run and the defendant may remove at any time," *Rea v. Michaels Stores Inc.*, 742

8    F.3d 1234, 1238 (9th Cir. 2014).

9         If a case has already been remanded once, a "successive removal petition is permitted only

10   upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a

11   *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188

12   (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). "Of

13   course, defendants are not entitled to more than one bite at the apple . . . ." *Id.* at 1189. Absent

14   any such "intervening events," a remand order is the law of the case, and therefore generally will

15   not be revisited. *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (citing

16   *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816−17 (1988)). In the Ninth Circuit,

17   a "court *may* have *discretion* to depart from the law of the case [only] where: 1) the first decision

18   was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence . . . is

19   substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would

20   otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v.*

21   *Bible*, 983 F.2d 152, 155 (9th Cir. 1993)) (emphasis added); *see also Kirkbride*, 933 F.2d at 732

22   (holding that the law of the case doctrine does not apply where applicable law has changed in the

23   intervening period between removals).

24        **B.    Timeliness and Propriety of Second Removal**

25        This case strains the bounds of the Ninth Circuit's holdings in *Harris* and *Roth*.

26   Shimmick's failure to earlier raise any arguments regarding its own participation in any CBA

27   appears to have been based on its erroneous view that—despite both of Romo's complaints

28   naming Shimmick, and only Shimmick, as the defendant—the case should be construed as an

United States District Court
Northern District of California

United States District Court
Northern District of California

1     action against the Joint Venture.  Even after the Court, at the September 19, 2014 hearing,

2     requested supplemental briefing "on the question of whether Shimmick Construction can even

3     raise the collective bargaining agreement in this case,"[4] Shimmick never suggested that Shimmick

4     was itself a party to any CBA.

5            Although *Harris* and *Roth* set a permissive standard for the timing of a removal, neither of

6     those decisions addressed a case that had already been removed once and remanded to state court

7     for lack of federal jurisdiction.  *See Harris*, 425 F.3d at 691−92; *Roth*, 720 F.3d at 1123.  Even if a

8     defendant generally has no "duty of inquiry if the initial pleading or other document is

9     'indeterminate' with respect to removability," *Roth*, 720 F.3d at 1125, there may be valid policy

10    reasons to impose such a duty once a plaintiff has filed a motion to remand to state court, in order

11    to avoid wasteful and duplicative cycles of removal and remand.

12           That is particularly true in the case at hand where, during the previous removal, the Court

13    specifically asked the parties to address whether Shimmick could invoke any collective bargaining

14    agreement, and where the information in question—whether Shimmick was a party to a contract—

15    should have been uniquely within Shimmick's knowledge.  Further, it is doubtful whether

16    Shimmick purportedly being party to collective bargaining agreements several years ago is a

17    "new" ground for removal, and whether invoking the same agreements that Shimmick sought to

18    invoke on the last removal is sufficiently "different."  *See Reyes*, 781 F.3d at 1188 (holding that

19    successive removal requires a "*new* and *different* ground for removal").  Courts in this District

20    have remanded cases on procedural grounds under similar circumstances.  *See Allen v. UtiliQuest,*

21    *LLC*, No. C 13-4466 SBA, 2014 WL 94337, at *1 (N.D. Cal. Jan. 9, 2014) (remanding where "the

22    'new' factual information cited by Defendant was readily available when it filed its opposition to

23

24    _____
      [4] The Court: "I think we need to brief the predicate, which is, because the collective— why does
25    Shimmick Construction get to assert that the collective bargaining agreement governs this action,
      when the Joint Venture which signed the collective bargaining agreement is not a party.  That's
26    the issue."
      [. . .]
27    The Court: "When do you want to file simultaneous briefs on the question of
      whether Shimmick Construction can even raise the collective bargaining agreement
28    in this case?"
      Defense counsel: "We would be fine with one week, your honor."

1    Plaintiff's original motion to remand"); *Fed. Nat'l Mortgage Ass'n v. Luna*, No. C-12-6432 EMC,

2    2013 WL 450843, at *2 (N.D. Cal. Feb. 5, 2013) (finding removal improper where "[a]t the time

3    of the first removal, [the defendant] knew or should have been aware of the alleged facts giving

4    rise to [federal] jurisdiction.")  Accordingly, the Court finds this second removal improper, and

5    remands the case to state court.  Moreover, as discussed in the following sections, the Court finds

6    remand to be warranted even assuming for the sake of argument that Shimmick's second removal

7    was procedurally proper under *Harris*, *Roth*, and *Reyes*.

8        **C.    Romo's Employer**

9        Shimmick bases its current removal in part on the contention that the Joint Venture, rather

10    than Shimmick itself, was Romo's employer, and that Romo's claims therefore implicate the

11    CBAs governing Local 89's relationship with the Joint Venture.  *See* Opp'n to Remand at 5, 7−8.

12    The Court addressed this argument in its previous order remanding the case, and held that removal

13    is proper regardless of which entity employed Romo.  *See* 1st Remand Order at 9.

14        In order to justify removal on the LMRA preemption theory that Shimmick has pursued,

15    the case must require the Court to analyze the terms of a collective bargaining agreement.  *See*

16    *Allis-Chambers*, 471 U.S. at 220.  Romo has chosen to bring this case against Shimmick, on the

17    theory that Shimmick was his employer, and not against the Joint Venture, which he claims was

18    not his employer.  If, as Shimmick contends, Romo was in fact employed by the Joint Venture,

19    then Shimmick would be entitled to judgment not based on any provision of a CBA, but simply

20    because it had no duty to pay Romo anything whatsoever—because, under that theory, Shimmick

21    was not his empoyer.[5]  Shimmick's evidence that the Joint Venture is the employer could

22    therefore only serve to show that the case can be resolved *without* reference to any CBA—and

23    thus was improperly removed.  Despite Shimmick's assertion to the contrary,[6] neither this Order

United States District Court
Northern District of California

---

25    [5] The Court previously held that Romo's First Amended Complaint does not plead any theory of
26    vicarious liability, and that it is limited to the theory that Shimmick is Romo's direct employer.
     1st Remand Order at 9−10.
27    [6] Shimmick asserts that "Magistrate Judge Spero ruled that based on the evidence available at the
     time, Shimmick could not establish that plaintiff was an employee of the JV . . . ."  Reply re Mot.
28    to Compel (dkt. 34) at 2.  The Court made no such ruling, and in fact specifically declined to reach
     that issue.

1    nor the Court's previous Order makes any finding as to the *adequacy* of that evidence, because as

2    discussed further below, either alternative leads to the conclusion that the case should be

3    remanded.

4            **D.**    **Shimmick's Standing to Enforce the CBAs**

5         Shimmick also argues that removal is proper because Shimmick was itself a party to the

6    purportedly applicable CBAs.  The only purported evidence tying Shimmick itself to any CBA is

7    the declaration by Valentine Macedo, a Local 89 union officer, that "Shimmick Construction Co.,

8    Inc. through its membership with the Association of General Contractors [sic] (AGC) was and is

9    bound to" multiple agreements between Local 89 and "the Associated General Contractors of

10   America *San Diego Chapter*, Inc."  Macedo Decl. ¶ 4 (emphasis added).  "[D]eclarations

11   present[ing] legal conclusions without underlying factual support" are not cognizable evidence.

12   *See Plush Lounge Las Vegas LLC v. Hotspur Resorts Nev., Inc.*, 371 F. App'x 719, 720 (9th Cir.

13   2010); *see also Wicker v. Oregon ex. rel. Bureau of Labor*, 543 F.3d 1168, 1177 (9th Cir. 2008);

14   *Maffei v. N. Ins. Co. of N.Y.*, 12 F.3d 892, 898−99 (9th Cir. 1993).  Further, Macedo's declaration

15   sets forth no basis for his personal knowledge of Shimmick's contractual relationship with the

16   AGC or any of its local chapters.  *See* Fed. R. Evid. 602.  Although the record also includes a

17   Shimmick employee's declaration that Shimmick was a member of the AGC during the relevant

18   time period, *see* Bonnell Decl. (dkt. 22) ¶ 2, there is no evidence that Shimmick was a member of

19   the San Diego chapter.

20        The distinction is significant because the CBAs at issue are between Local 89 and the

21   AGC's San Diego chapter, not the AGC itself.  *See* Macedo Decl. Exs. A−C.[7]  Both the 2007 CBA

22   and 2012 CBA state that they are "made for and on behalf of and shall be binding upon all . . .

23   eligible members of the Association," which is in turn defined as "the Associated General

24   Contractors of America, *San Diego Chapter*, Inc."  *Id.* Ex. A §§ 1.A.2, 4.A.2; Ex. C §§ 1.A.2,

25   4.A.2 (emphasis added).  Shimmick has not identified, and the Court has not found, any provision

26

27   [7] Shimmick's assertions that each CBA was "signed by the Associated General Contractors" is
     false.  *See* Reply re Mot. to Compel at 2.  The CBAs were signed by the "Associated General
28   Contractors of America, *San Diego Chapter*, Inc.," not by the national organization.  *See* Macedo
     Decl. Exs. A−C (emphasis added).

United States District Court
Northern District of California

1    of either CBA that would bind or grant standing to a member of the AGC national organization

2    that is not also a member of the San Diego chapter.  Strangely, Shimmick spends a portion of one

3    of its briefs discussing the naming conventions of the *Oklahoma* chapter of the AGC—*see* Reply

4    re Mot. to Compel (dkt. 34) at 3, Bogdan Reply Decl. (dkt. 36) ¶ 3 & Ex. Q—but does not address

5    whether Shimmick is or was a member of the San Diego chapter, or whether members of the

6    national association have standing to assert rights under an agreement that by its terms only binds

7    members of the San Diego chapter.

8        With no evidence that Shimmick is a member of the San Diego AGC chapter, there is no

9    more basis to conclude that Shimmick can assert rights under the CBAs than was available on

10   Shimmick's last removal to this Court.  Accordingly, for the reasons stated in the Court's previous

11   Order, and again taking into account the Ninth Circuit's "strong presumption against removal,"

12   *Gaus*, 980 F.2d at 566, the case must be remanded.  *See generally* 1st Remand Order.  The Court

13   need not and does not reach the parties' remaining arguments.

### E.    Attorneys' Fees

15    Romo requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c),[8] arguing that

16   there is no new evidence that was unavailable at the time of the previous removal, and that

17   Shimmick had no reasonable basis for a second removal.  *See* Mot. at 16.  An award of attorneys'

18   fees may be appropriate where removal has been "sought for the purpose of prolonging litigation

19   and imposing costs on the opposing party," and "the standard for awarding fees should turn on the

20   reasonableness of the removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005).

21   In this Court's view, both parties have taken unreasonable positions over the course of this

22   litigation.  A sanction against only one party would not serve the interests of justice.  Further,

23   while the removal was objectively improper, there is no indication of actual bad faith.  The Court

24   therefore declines to award Romo his attorneys' fees associated with Shimmick's present

25   unsuccessful removal, but notes that any further unfounded and procedurally improper attempts at

26   removal could tip the balance toward an award of fees.

27

28
    ---
    [8] Romo's Motion erroneously cites § 1447(d), which does not address attorneys' fees.

United States District Court
Northern District of California

11

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.     CONCLUSION**

For the reasons stated above, Romo's Motion to Remand is GRANTED, although his request for attorneys' fees is DENIED.  Shimmick's Motion to Stay and Petition to Compel Arbitration is DENIED without prejudice for lack of jurisdiction.  The case is hereby REMANDED to the Superior Court of California, Alameda County, and the clerk is instructed to close the file in this Court.

**IT IS SO ORDERED.**

Dated: June 12, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

12